MARY WETMORE, APPELLANT, *v.* N. C. WETMORE AND J. P. O. LOWNSDALE, RESPONDENTS.

DIVORCE—REAL ESTATE, HOW AFFECTED BY.—Whenever a marriage contract shall be dissolved, the party at whose prayer such decree is obtained is entitled peremptorily (under § 495 Civil Code) to the undivided one-third part of all the real estate shown to be owned by the other party at the time such decree was made. In all such cases, it is the peremptory duty of the court to so decree.

THIRD PARTIES—WHEN MADE DEFENDANTS IN DIVORCE SUITS.—When a husband conveys the bare legal title to a third party in trust for his use, to prevent the marital rights of the wife from attaching thereto, such third party is a proper party to the proceeding.

APPEAL from Multnomah County.

The facts are stated in the opinion of the Court.

*Thayer & Williams,* for Appellant.

*Caples & Mulkey,* for Respondents.

By the Court, PRIM, J.:

This is a suit in equity commenced by plaintiff against her husband, W. C. Wetmore, to obtain a divorce, predicated

upon the ground of harsh and cruel treatment rendering life burdensome. The legal title to certain real property being in the name of J. P. O. Lownsdale as trustee for the said W. C. Wetmore, he was also made a party defendant.

The plaintiff alleged in her complaint, among other things, that W. C. Wetmore induced her to execute a certain mortgage upon certain real property belonging to her in her own right, situated in the city of Portland, to Messrs. Ladd & Tilton, by which he secured the advancement of money with which he purchased lot 3, in block 217, in East Portland; that in order to prevent the marital rights of plaintiff from attaching thereto, he conveyed said lot to other parties, and at the time of the commencement of this suit the legal title was vested in said Lownsdale; that said lot was of the value of one thousand five hundred dollars and had been acquired with her money. The complaint, after praying for a dissolution of the marriage contract, between plaintiff and defendant, prayed that the title to said lot 3 inure to her, and for general relief.

W. C. Wetmore made no denial to the allegations in the complaint, except that he denied inducing the plaintiff to execute any mortgage to any one, and denied that said lot 3 was worth one thousand five hundred dollars or any sum greater than six hundred dollars. Lownsdale made no answer in the suit. At the hearing the court below granted a divorce to the plaintiff with costs and disbursements against W. C. Wetmore, but decreed that Lownsdale should have and hold lot 3 as trustee, solely to pay said costs and disbursements, and that upon their payment he should be discharged from such trust, and that said trust property be wholly discharged from all claims and demands on the part of said plaintiff, and that she be barred, divested, and precluded from all estate, right or claim in any lands of said W. C. Wetmore.

From this part of the decree, relating to said lot 3, the plaintiff has appealed to this court.

The plaintiff having established her right to have the marriage contract dissolved, and the same having been dissolved by the court, it is claimed by counsel for plaintiff

that, under § 495 of the Civil Code, she is entitled to the undivided *one-third part* of all the real estate owned by her husband at the time the decree was made, and that it is the imperative duty of the court to so decree in all cases.

Said § 495 reads as follows: "Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made *shall, in all cases,* be entitled to the undivided one-third part, in his or her individual right in fee, of the whole of the real estate owned by the other at the time of such decree, in addition to the further decree for maintenance provided for in § 497; and it shall be the duty of the court in all such cases to enter a decree in accordance with this provision."

The provisions of this section appear to be peremptory in their character in two aspects: 1. In regard to the rights of the party, at whose prayer the divorce is obtained, in the land owned by the other party at the time such decree is granted; 2. In regard to the duty of the court in all such cases to enter a decree in accordance with this provision. The provision is that such party *"shall, in all cases,* be entitled to the undivided *one-third part* of the real estate *owned* by the other at the time of such decree, * * * and it *shall* be the duty of the court in all such cases to enter a decree in accordance with this provision."

But it is insisted, on behalf of defendant, that this statute does not operate in this case to give one third of the lot in question to plaintiff, for the reason that the legal title was not in Wetmore, he being invested only with the equitable ownership, while the naked legal title was in defendant Lownsdale.

We apprehend, however, that this position is not well taken, and cannot be maintained, without giving to this statute such a construction as would defeat the object and intention of the Legislature.

While it is true that the naked legal title to the lot was in Lownsdale, yet it appears that Wetmore was in possession, and was, to all intents and purposes, the equitable and real owner; in fact, it is alleged in the complaint, and not denied in the answer, that it had been conveyed to

Lownsdale by defendant Wetmore for his, Wetmore's, use and benefit, and for the purpose of preventing the marital rights of plaintiff from attaching thereto. If the construction contended for by defendant should be given to this statute, it would be entirely worthless and inoperative to secure the rights of the injured party in the property of the other. The husband could always defeat the rights of an injured wife to one third of his real estate, and prevent the effective operation of the statute, by making a conveyance, of the bare legal title to his real estate, to some friend, reserving the substance thereof for his own use and benefit.

It is further claimed that the title in fee, not being in said W. C. Wetmore, but in Lownsdale, it was not within the power of the court to invest plaintiff with such fee; that the court could not invest plaintiff with a greater estate than defendant had; but in this case there is nothing to prevent the court from dealing with the legal title, as the trustee was a party before the court. And under the rule laid down in *Bamford* v. *Bamford,* heretofore decided by this Court (4 Or. 30), he was a proper party before the court. (28 Wis. 510, 296; 6 Paige Ch. 366.)

Under the view herein taken, the decree of the court below should be modified so as to give the plaintiff an undivided one-third interest in said lot 3; and it is so ordered.