SARAH C. WEISS, APPELLANT, *v.* ALBERT BETHEL, WILLIAM GIRD ET AL., RESPONDENTS.

WHERE A DECREE OF DIVORCE IS SILENT AS TO THE DISPOSITION OF PROPERTY, the right thereto, given by section 495 of the Civil Code, may, in any case requiring the interposition of a court of equity, be enforced in an original suit in the circuit court for the county where the real estate is situated, without disturbing the original decree of divorce.

PLEADING—COMPLAINT DOES NOT STATE FACTS CONSTITUTING CAUSE OF SUIT, WHEN.—A complaint in a suit brought to establish plaintiff's right to an undivided one third part of certain real property, does not state facts sufficient to constitute a cause of suit against a defendant which merely alleges complainant's right to such undivided one third, and "that defendant is in possession of the whole of said property, and claims some interest in the same as owner thereof."

SUIT BROUGHT IN WRONG COUNTY—OBJECTION HOW AVOIDED.—Where suit is brought to determine an adverse claim to real property, in the wrong county, a subsequent change, by order of the court, before answer, to the proper county, cures the defect and avoids the objection.

THE PLAINTIFF MAY JOIN IN HER SUIT, to enforce her right to land, and obtain the legal title from one party, any other parties who may be in possession claiming adversely to her right.

COMPLAINT—FRAUDULENT CONDUCT NOT AFFECTING RIGHTS.—The complaint is insufficient as to a defendant who is merely charged with fraudulent conduct which does not affect the right of complainant in controversy.

LACHES, WHAT DELAY AMOUNTS TO.—A delay of over thirteen years, with sufficient knowledge to put one on inquiry in prosecuting a right where due diligence is required, is unreasonable, and amounts to laches.

APPEAL from Benton county. The facts are stated in the opinion.

*Chenoweth and Johnson,* for appellant.

*Burnett & Kelsay, and Thayer & Williams,* for respondents.

By the Court, WATSON, J.:

This suit was originally commenced in the circuit court for Jackson county, but afterwards transferred to that of Benton county, by an order of the court first named, upon written stipulation of parties. After the transfer, plaintiff filed an amended complaint, by leave of the court, and made several other parties defendants.

Her amended complaint states, in substance, that she was married to defendant, Albert Bethel, in 1857, and lawfully obtained a divorce from him, on the ground of desertion, at the June term, 1866, of the circuit court for Jackson county. That, at the time of the divorce, the defendant, Albert Bethel, was the owner of the Adam Holder donation land claim in Benton county, Oregon, in T. 13 S., R. 5 W., containing three hundred and one and sixty-two one hundreth acres; also, of lots 1, 2, 3, and 4, in block 3, of the city of Corvallis in said county. That at the time she filed her complaint for divorce, she was ignorant of the condition of said real estate.

That said Bethel kept his business secret from her, and led her to believe that he had sold or effectually incumbered

it, so that at the time she did not know what disposition he had made of said real estate.

She knew at that time that he had by some contrivance covered up and secreted said land, but did not know what the nature of the contrivance was, and was entirely ignorant of any and all testimony to establish the same, and was ignorant for a long time after said decree was rendered, of either the act of said Bethel in secreting said property, or the parties who acted with him in said contrivance. For the above-named reasons no mention was made in her application for said divorce. That plaintiff has since learned that said real estate was secreted and covered up by the following contrivance:

That on or about the year 1860 the said Albert Bethel purchased of one William Hunter, the said Holder donation land claim, and plaintiff and Bethel took possession of it on the fourteenth day of January, 1861. That the defendant William Gird, by a contrivance with said Albert Bethel, procured a deed to said land direct from said Holder to Gird, which was kept secret from plaintiff. That said Bethel induced plaintiff to give up possession of said land to Gird, alleging he had leased it to him, which was false and fraudulent, and done to deceive plaintiff, and did deceive her. That said defendant Gird knew that said land had been deeded by said Hunter to Bethel, and that it belonged to him. That prior to the time said Hunter sold said land to Bethel, he had purchased it of Holder, and paid full value for it; and that at the time Holder sold said land to Gird, he was not in possession thereof, and had no interest therein. That said deed was fraudulent and of no effect, and done to defraud plaintiff. That said Gird and Holder knew it was done to defraud plaintiff. That said Bethel did not record the said deed from Hunter to him, and that the suppression of said deed was a part of said contrivance to deceive and cheat her. That plaintiff does not know where said deed now is, nor its precise date, but it was about a year prior to said deed of Holder to Gird, of January 14, 1861. That plaintiff never sold or assigned her right to said land, and that said Bethel was

the owner thereof at the date of said decree in 1866. That but for said fraudulent contrivances she would have had said court set off to her one-third of said land in fee simple.

Plaintiff alleges that the other defendants claim some interest in said land, the nature of which plaintiff does not know. That defendants John Osborn and William Fliedner are in possession of and claim to have some interest in said lots as owners thereof. That defendants Henry Kampps, Laura Irwin, Julia Holder, Margarett Kampp, Mary McBee, and William H. McBee have or claim some right, title, or interest in said land; the precise right or interest, or by what right they claim such interest, is unknown to plaintiff.

Plaintiff further alleges that the defendants Mary McBee, Henry C. McBee, and Rosa McBee are minor heirs of Geo. McBee, deceased, and all under the age of fourteen years, and concludes with prayer for a decree opening and modifying the decree of divorce of June 13, 1866, so as to give her one undivided one third of said real property, for general relief and costs.

The defendant William Fliedner demurred on the ground that said amended complaint did not state facts sufficient to constitute a cause of suit.

Defendants Gird, Osborn, and Holder also filed a demurrer jointly, setting forth the following grounds:

1. The court has no jurisdiction of the subject-matter of the suit.

2. The suit has not been commenced within the time limited by the code.

3. Several causes of suit have been improperly united.

4. The complaint does not state facts sufficient to constitute a cause of action.

5. There is no equity in the bill.

Both demurrers were argued together, before the circuit court for Benton county, April term, 1880, and sustained by the court.

From this ruling and judgment of the court below, the plaintiff brings this appeal. The questions to be decided

upon the appeal are such as arise upon the demurrers to the amended complaint.

The demurrer of defendant, William Fliedner, is general, and raises the question whether the facts stated in the complaint constitute any cause of suit against him. The only allegation in the complaint in regard to Fliedner is, that he is "in possession of, and claims to have some interest in said lots, as owner thereof."

In any view of the case, this allegation as to Fliedner is wholly insufficient. The plaintiff claims a right to only one third of the real estate alleged to be in Fliedner's possession, and his being in possession, and claiming an interest as owner thereof, does not necessarily make his possession and claim adverse to the plaintiff's claim. For aught that appears in the complaint, his possession and claim are entirely consistent with a full recognition on his part of all the rights claimed by plaintiff in the premises. There was no error in the ruling of the court below in sustaining this demurrer.

The first issue made by the joint demurrer of Gird, Osborn, and Holder, is upon the jurisdiction of the court over the subject-matter of the suit.

Conceding, for the sake of argument, that plaintiff had a right to an undivided one third of the real estate described in her complaint, upon obtaining her decree of divorce, June 13, 1866, which did not vest in her at that time by reason of an omission in that decree, it does not follow that she must get that decree opened and modified or extended, in order to obtain the title in fee to such part. On the contrary, she could bring an original and independent suit in the circuit court for the county where the land is situated, to enforce her right to the same, and she could not properly commence it anywhere else. (*Godey* v. *Godey*, 39 Cal. 161; *Whetstone* v. *Coffee*, 48 Tex. 269; Civil Code, secs. 376, 383, sub. 3.)

The suit, having been commenced in the circuit court for Jackson county, was commenced in the wrong county, but its change to Benton county, before answer, we think ob-

viated the objection. (Civil Code, sec. 384.) We think this section was intended to cover just such cases as this.

The second ground of demurrer, that the suit was not commenced within the time limited by the code, is not tenable. The complaint was filed October 14, 1879, and it does not appear on its face that it was not commenced within the time limited by the code. (Civil Code, sec. 66, sub. 7; Session Laws 1878, p. 21.)

The third ground of error is that several causes of suit have been improperly united. The plaintiff seeks by this suit to obtain a title in fee to one third part of the lands described in the complaint, from the defendant, Albert Bethel, and at the same time to have the adverse claims of the other defendants to the same annulled and declared void as against her. This is the evident purpose of the suit, whether the complaint is sufficient or otherwise. Her cause of suit against Bethel is her right to this one third which the statute gave her when she obtained her divorce from him, and her cause of suit against the other defendants, their adverse claims or interests in derogation of that right. Whether there is sufficient stated in the complaint to show these causes valid, is not a question here, but supposing there is, are they improperly united? We think not, and that the objection can not be maintained. (Civil Code, sec. 380.)

The fourth and fifth grounds assigned by the demurrer, that " the complaint does not state facts sufficient to constitute a cause of suit," and that there is " no equity in the bill," we deem well taken.

The complaint itself shows that the deed of Holder to Gird of January 14, 1861, was made after Holder had ceased to have any interest in the land, and that Gird well knew it, and that at the time the decree of divorce was granted on June 13, 1866, the defendant, Alfred Bethel, himself was the owner of this same land as he was at the date of the deed from Holder to Gird. It does not appear from the complaint that either Holder or Gird, at the time of that decree, or at any time since, has held, or claims to hold, any interest in said land adverse to plaintiffs' alleged

right, or that they interfered with the property in any manner whatever.

If Bethel was the owner of this property on June 13, 1866, as alleged, we can not perceive how the previous transactions between Holder, Gird, and Bethel, disconnected from everything subsequent to the decree, can possibly, in any view of the case, affect the alleged rights of plaintiff in this suit.

The alleged fraudulent transactions between these parties took place over four years previous to the decree of divorce, and over four years before the right sued for was given by the legislature, and at a time, so far as the complaint shows, when no divorce was contemplated. As to Osborn, he is merely charged in the same allegation with Fliedner with being in possession of the city lots, claiming some interest therein as owner thereof, which we have already held to be insufficient.

Again, if the peculiar circumstances of this case made it necessary for plaintiff to get the decree of divorce opened up, in order to reach the right she claims in this suit, which we hold was not the case, her complaint shows on its face such laches as would bar her suit.

She states in her complaint sufficient knowledge on her part, at the time she obtained her divorce, of the condition of this property, to have put her on inquiry at once, and yet the complaint does not show that she made any effort at all at that time or since, until the commencement of this suit, over thirteen years afterwards, to discover the actual condition of said property, nor does the complaint show when she did obtain this information. The inquiry was not apparently of so difficult a character as to justify such unreasonable delay in one who had some knowledge of the matter from the first. The case in 4 Or. 30, is in point on this question of laches.

Upon the whole we are satisfied there was no error in the court below in sustaining the demurrers, and that the judgment should be affirmed.

Judgment is affirmed.