[Filed May 11, 1891.]

## ELIZA ROSS *v.* BETSY ROSS ET AL.

STARE DECISIS.—*Bamford* v. *Bamford,* 4 Or. 30; *Wetmore* v. *Wetmore,* 5 Or. 469, and *Hall* v. *Hall,* 9 Or. 452, followed on the principle of *stare decisis;* and *Weiss* v. *Bethel,* 8 Or. 523, so far as the same is at variance with those cases, is overruled.

DECREE AGAINST PARTY UNDER DURESS.—If a decree be rendered against a party while under duress so that such party is unable to conduct his or her case properly, the remedy of such party is to apply to the court in such case to be relieved from the decree as soon as such duress is removed. A

party cannot at the same time take advantage of the decree which results favorably to him, and object to another part of it on the ground of duress, when it is alleged that the entire decree was procured while such party was under duress.

Umatilla county: James A. Fee, Judge.

Plaintiff appeals.   Affirmed.

The object of this suit is to obtain a decree adjudging the plaintiff to be the owner of an undivided one-third of certain real property described in the complaint, situated in Umatilla county, and for a partition thereof, and for an account of the rents and profits.

The complaint is not the usual complaint in partition, but it sets out the facts upon which the plaintiff relies to establish her interest in the property in controversy; in other words, pleads the evidence of her title.   This is briefly as follows:   That plaintiff and one William Ross were duly married in Umatilla county, Oregon, on the nineteenth day of July, 1886, and thereafter lived together as husband and wife until February 28, 1888, at which time this plaintiff commenced a suit for a divorce in the circuit court of Morrow county, Oregon, on the grounds of cruel and inhuman treatment and of personal indignities; and that on the sixteenth day of March, 1888, a decree of divorce was allowed by said court dissolving said marriage for the causes alleged in the complaint; that at the date of the decree said William Ross was the owner of all the real property described in the complaint in fee simple, and that no mention was made in plaintiff's complaint for a divorce of any property whatever, nor was any property right or interest mentioned or adjudicated therein, nor was there any adjudication regarding the above-mentioned real estate belonging to said William Ross in said suit; that on the first day of April, 1888, William Ross died intestate, and the defendant Thompson is his administrator, and the other defendants are his only heirs at law.

It is also alleged that Ross employed the attorney who prosecuted said suit for a divorce for the plaintiff, and that

she was prevented by duress from setting up in that suit her claim to said real property.

The defendants demurred to this complaint, which demurrer was overruled. An answer was filed, and the evidence taken; and upon final hearing a decree was entered dismissing plaintiff's suit, from which this appeal was taken.

*J. J. Balleray*, for Appellant.

*L. B. Cox*, for Respondents.

STRAHAN, C. J.—The plaintiff's right in this case depends upon the construction to be given section 499, Hill's Code, which is as follows: "Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall in all cases be entitled to the undivided one-third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree, in addition to the further decree for maintenance provided for in section 501; and it shall be the duty of the court in all such cases to enter a decree in accordance with this provision."

*Bamford* v. *Bamford*, 4 Or. 30, is the earliest case in this court in which this section of the code received a construction. It was there held that in a suit for divorce when the complaint contains no allegations concerning property, and the decree contains nothing on the subject, the party in whose favor a decree is granted does not acquire either a legal or equitable right to the property of the adverse party by the decree; and it was further held in that case, that when real property is transferred from one party to another by a decree granting a divorce, the judgment roll should contain a description of the land transferred, and that the investigation concerning property must be had in the same suit.

In *Wetmore* v. *Wetmore*, 5 Or. 469, it was held that whenever a marriage contract shall be dissolved, the party at whose prayer such decree is obtained is entitled peremptorily under section 495, civil code (499 Hill's Code), to the undi-

vided one-third part of all the real estate shown to be owned by the other party at the time such decree was made; and that when a husband conveys the bare legal title to a third party in trust for his use, to prevent the marital rights of the wife from attaching thereto, such third party is a proper party to the proceeding. In *Weiss* v. *Bethel*, 8 Or. 522, a question very similar to the one presented by this record was before the court; and without noticing either of the adjudications already referred to, or making a word of comment or explanation therefor, this court seemingly departed from what had already been decided, and held the suit maintainable as to this question, but defeated the plaintiff on other grounds. WATSON, J., announced the opinion of the court in this case.

The next case in which the question arose in this court was *Hall* v. *Hall*, 9 Or. 452. It was a suit for a divorce. The court in that case granted a divorce to the respondent, and then proceeded to render a decree in her favor in general terms for the undivided one-third of all the real property then owned by the appellant under section 499 of the code. There was no allegation in the complaint, or in any of the pleadings, as to the existence of such property, nor any claim for such relief; nor did the decree find that the appellant owned any such property or described any such. The appellant claimed that this part of the decree was erroneous. WATSON, J., also delivered the opinion in this case, in which he observed: "After as thorough an examination as we have been able to give the subject, we are not satisfied that the principles enunciated in *Bamford* v. *Bamford* are incorrect, and we feel constrained to acknowledge its authority as decisive of the question before us." The decree, so far as it attempted to affect the real property of the appellant, was therefore reversed, and in all else affirmed.

Finally, in *Houston* v. *Timmerman*, 17 Or. 499; 11 Am. St. Rep. 848, the subject is incidentally alluded to by LORD, J., although the question now under consideration was not before the court.

But the court remarked : "It is true in the divorce suit, the property was described in the complaint and decree, which, since the decision in *Bamford* v. *Bamford*, 4 Or. 30, has been deemed essential to reach the property of the guilty party, but it is apprehended that neither allegation or proof concerning the lands is necessary, but that it is enough and a sufficient compliance with the latter clause of section 499 of the Oregon code, to say, in effect, that the party obtaining the divorce is thereby entitled to one-third of the real property owned by the other, whatever it may be." (*Barrett* v. *Failing*, 6 Saw. 473.) The question before the court in *Barrett* v. *Failing*, *supra*, was whether or not a decree of divorce rendered in the state of California could operate extra-territorially, and affect the title to property in Oregon under this statute, and the court very properly held that it could not; but in passing on this question, the court took occasion to express some views on the subject at variance with what had been held by this court.

Under this state of opinion in this court, I think *Bamford* v. *Bamford*, *supra*, *Wetmore* v. *Wetmore*, *supra*, and *Hall* v. *Hall*, *supra*, controlling, and that they ought to be adhered to and followed. They have stood unquestioned for many years, have become rules of property, and it is doubtful whether they ought now to be overruled even if the court as now constituted should be of the opinion that the other is the better construction of the statute. But it is believed by the writer that these cases lay down the correct rule. I think it would be an anomaly in chancery practice to require or allow the court to make a decree that shall have the effect to divest the title to real property out of one of the parties to the suit and transfer it to another when the pleadings are entirely silent as to such property. Such a practice would necessarily introduce such a degree of uncertainty in relation to the title to real property affected, as would in the course of a few years become very embarassing. Besides this, according to well-settled principles of chancery practice, a decree which is to operate on the title to real

property by divesting the title out of one of the parties and transferring it to the other, operates upon the thing itself in the nature of a proceeding *in rem*, and it is not perceived how the court can properly act upon such a subject when the thing to be affected is undescribed and unknown to the court, and the record is entirely silent in relation to every fact which, in ordinary cases, gives the court jurisdiction and enables it to act.

The plaintiff alleges that she was under duress, and for that reason did not set up in her complaint a claim to the property now in controversy. It is believed that this allegation is not supported by the evidence, but if it was, her remedy was to apply in that case to the court to be relieved from the decree as soon as the alleged duress was removed, which, in this case, according to her evidence, was when the decree was entered. We are the better satisfied with the conclusions reached for the reason that when the divorce proceedings were commenced, the defendant deposited in one of the banks in the city of Pendleton a deed to the plaintiff for about twelve hundred acres of land, to be delivered to her when the decree was rendered, which deed she accepted and retained after the entry of such decree. The evidence also shows that plaintiff received personal property and money to the amount of two thousand dollars or more. She brought nothing to her husband at the marriage, only lived with him for a few years, and was not troubled with the cares of a family, and it appears to us she has not been unfairly dealt with.

In reaching the conclusion above indicated, it is proper to add that the case of *Weiss* v. *Bethel, supra,* so far as the same varies from the doctrines of this case, is overruled.

The decree appealed from must be affirmed.

Lord, J. (specially concurring.)—Upon the merits I concur in the result; but I am not prepared to say that a party applying for a divorce acquires no rights under the statute, where there is an omission or failure to allege in the complaint the real property owned by the defendant, and that

if a divorce be granted, the party obtaining it is not entitled to one-third thereof.