Argued June 24, decided August 11, 1908.

## SENKLER v. BERRY.

### [96 Pac. 1070.]

DIVORCE—PROPERTY RIGHTS—TRANSFER BY DECREE.

1. Under Section 511, B. & C. Comp., providing that the party at whose suit a marriage is dissolved shall be entitled to an undivided one-third of the whole of the real estate owned by the other party at the time of the decree, and that, as title is transferred by force of the decree, the pleadings must not only show that the party from whom it is transferred is the owner thereof, but must identify the property transferred with the same certainty as is required in ordinary conveyances, and hence the decree in the divorce proceedings which purported to transfer lot 1 in block 8 would not devest the owner of the title of any part of lot 8, block 1.

SAME—PROPERTY PREVIOUSLY CONVEYED.

2. Where plaintiff's husband held the legal title to a tract when he conveyed it to defendant, who immediately recorded the conveyance, plaintiff cannot thereafter acquire the legal title to the same tract, either by voluntary conveyance from her husband or by a decree of the court purporting to transfer the tract to her as a part of the relief in divorce proceedings, since her husband had theretofore been devested of title and had nothing to convey.

SAME—JUDGMENT—CORRECTION—EFFECT AS TO THIRD PERSON—INTERVENING RIGHTS.

3. As a part of the relief in divorce proceedings, the trial court entered a decree purporting to convey to plaintiff from her husband an undivided one-third of lot 1, block 8, the proper description of the tract owned by the plaintiff's husband being lot 8, block 1, and thereafter her husband conveyed to defendant, without notice, the tract of the latter description, the deed to which was recorded, and after that conveyance, the decree was corrected so as to transfer the lot to plaintiff by its proper description; but the defendant was not made a party to the proceedings to correct the decree in the divorce proceedings. *Held*, that the defendant was not bound by the corrected decree, and was not devested of rights which had accrued prior thereto.

JUDGMENT—AMENDMENT—NUNC PRO TUNC—EFFECT ON INVERVENING RIGHTS.

4. A trial court can amend its judgments by a *nunc pro tunc* entry so as to cause them to conform to the proceedings had therein, if no rights of third persons have intervened, and as such correction may be made by reference to the memorandum made by the court, or from the pleadings without resorting to other evidence; but an amendment of a judgment will not be allowed to prejudice the rights of third persons acquired without notice and for value.

EVIDENCE—PRESUMPTIONS—JUDICIAL PROCEEDINGS—CORRECTNESS OF PLEADINGS.

5. Where a decree in divorce, which purported to transfer to plaintiff a certain lot belonging to her husband, contained an incorrect description of the property to be transferred, if any presumptions are indulged as to the description contained in the complaint in the divorce proceedings, it must be presumed that it contained the same erroneous description as the decree.

DIVORCE—JUDGMENT—AMENDMENT—CONFORMITY TO PLEADINGS.

6. If, in divorce proceedings wherein plaintiff was awarded one-third of a lot owned by her husband as a part of the relief, the complaint erroneously described the lot sought to be transferred, the description in the decree purporting to transfer the lot, which followed the erroneous description in the complaint, cannot be corrected, since, if amended, it will not be supported by the averments of the complaint.

From Multnomah: ALFRED F. SEARS, Judge.

Statement by MR. COMMISSIONER SLATER.

This action was brought by Olga Senkler, the divorced wife of Jacob Senkler, against Isaac L. Kimber, to recover the possession of an undivided one third of lot 8, in block 1, Salisbury Hill, Portland, Oregon. Kimber was in possession as tenant of Frank T. Berry, the real owner, who was substituted as defendant and permitted to answer, which he did, denying plaintiff's claim of ownership and alleging that he is the owner in fee of the entire lot. The reply put in issue defendant's allegation

of title in himself. At the trial there was offered by plaintiff, and received in evidence, over defendant's objection, a decree of the circuit court of Multnomah County, entered on June 17, 1904, granting her a divorce from Jacob Senkler and awarding her the title to an undivided one third of lot 1, in block 8, Salisbury Hill, city of Portland, Multnomah County, Oregon. There was then offered by plaintiff and received in evidence, over defendant's objections, affidavits for publication of summons, order, and proof of publication thereof, and a decree in a suit commenced by Olga Senkler against Jacob Senkler on December 14, 1904, and after the expiration of the term at which the decree of divorce was granted, for correction of such decree respecting the description of the property therein mentioned, so that it should read, lot 8, in block 1, etc., instead of lot 1, in block 8, etc. The correctory decree was entered June 27, 1905. The plaintiff then having rested, defendant moved a nonsuit, which was denied. Thereupon defendant, in proof of his title, offered in evidence a deed properly executed on July 19, 1904, by Jacob Senkler, conveying to defendant the property described in the complaint in this action. This deed was duly recorded July 20, 1904, in the records of deeds of Multnomah County. At the conclusion of his case defendant moved the court to direct a verdict in his favor, but it was denied, and the court upon its own motion directed a verdict in plaintiff's favor, in pursuance of which a verdict was returned, declaring that she is the owner and entitled to the possession of lot 8, in block 1, Salisbury Hill, Portland, Oregon, and upon which judgment was rendered in plaintiff's favor for an undivided one half interest in lot 8, block 1, etc. From this judgment defendant has appealed, assigning as errors the admission of plaintiff's evidence, the overruling of defendant's motion for a nonsuit, refusing to direct the jury to find for defendant, instructing the jury to find for the plaintiff, and entering judgment in favor of plaintiff on the verdict returned.          REVERSED.

For appellant there was a brief over the names of *Mr. James Gleason* and *Mr. William P. Lord,* with an oral argument by *Mr. Gleason.*

For respondent there was a brief over the names of *Mr. Henry S. Westbrook, Mr. George W. Joseph,* and *Messrs. Cake & Cake,* with an oral argument by *Mr. Joseph.*

Opinion by Mr. Commissioner Slater.

1. It is now the settled law of this State, that in divorce proceedings the title to real property authorized to be awarded to the successful party by Section 511, B. & C. Comp., is not transferred by force of the statute, but by force of the decree; that to enable the court to act judicially on the subject of property in such cases, and to make a decree that shall have the effect of divesting the title to real property out of one of the parties to the suit and transferring it to another, it must appear in the pleadings, not only that such party from whom it is proposed that the title shall be taken is the owner of the property, but also of what that property consists; and that, as the decree has the effect of transferring the title, it must be one of the muniments of the title and should identify the parcel or parcels intended to be transferred or affected thereby with as great certainty as is required in ordinary conveyances. *Bamford* v. *Bamford,* 4 Or. 30; *Wetmore* v. *Wetmore,* 5 Or. 469; *Hall* v. *Hall,* 9 Or. 452; *Ross* v. *Ross,* 21 Or. 9 (26 Pac. 1007).

The decree, then, when duly rendered and recorded, has the same legal effect in transferring the title and giving notice thereof to third parties, as the personal deed of the party would have when recorded. Measured by this rule, the original decree which attempts to invest the plaintiff with the title to an undivided one third of lot 1, in block 8, of Salisbury Hill, offered in evidence without the judgment roll, would not divest Jacob Senkler, the defendant therein, of the title to any part of lot 8,

in block 1, of Salisbury Hill, and whatever title he previously had therein would be unaffected by such a decree.

2. This decree was entered on June 17, 1904, and, while the legal title was still in Jacob Senkler, he conveyed the same on July 19, 1904, to Frank T. Berry, who is now the defendant in this action, by a deed which was duly recorded on the next day in the record of deeds for Multnomah County. Of this Olga Senkler was affected with notice, and she could not thereafter acquire the legal title from Jacob Senkler either by a voluntary subsequent conveyance from him or by any action of the court in the divorce proceedings, because he no longer possessed the legal title so that it might be transferred from him to her, either voluntarily or involuntarily..

3. The case stands as if Senkler in the first instance had attempted to convey to his former wife this property by a voluntary deed; but by an erroneous description the deed was not capable of transferring to her the legal title, which still remained in him, and he thereafter by a proper deed conveyed it to Berry, who promptly recorded his deed. Now, no one will contend for a moment that under such an assumed state of facts, Senkler could subsequently invest his former wife with the legal title to the same property by any conveyance, however precise and formal, for he does not have it to convey to her. By virtue of Senkler's deed to him of July 19, 1904, Berry became invested with the legal title to the whole of lot 8 in block 1 of Salisbury Hill. This being so, it could not be taken from him by any subsequent order or decree of the court without notice to him and an opportunity to be heard. Berry was not made a party to the proceedings to correct the decree instituted in the divorce suit subsequent to the time he acquired the title, and therefore he is not bound by the decree as corrected. Whether he bought with notice of plaintiff's claim or equity, if any existed, and, if so, what the effect thereof might be upon his right to retain the legal title, are not to be considered here.

4. This is an action at law wherein only the legal title is considered, and the plaintiff, in order to recover, must make proof of a legal title in herself, which she has failed to do. It is generally conceded that a trial court at all times possesses inherent power to amend its judgments, orders, and decrees, by a *nunc pro tunc* entry so as to cause them to conform to the proceedings had therein, and make them speak the truth, provided no rights of third persons have intervened, and such correction can be made by reference to some memorandum of the trial made by the court, or from the pleadings on file, without resorting to evidence *aliunde*. *Cochran* v. *Baker,* 34 Or. 555 (52 Pac. 520: 56 Pac. 641). But an amendment of a judgment or decree will never be allowed to prejudice the rights of third persons—such as subsequent judgment creditors, purchasers, or mortgagees—who have acquired interests for value and without notice, and it is proper to insert in the order allowing an amendment, a saving of the intervening rights of third persons, but the law will make the reservation, whether it is expressed or not. 1 Black, Judgments (2d ed.), § 169. "All persons who were not parties to the action," says Judge Freeman, at section 74 (4th ed.), of his valuable work on judgments, "and who have acquired interests based upon the existing state of the record, acting in good faith, and being purchasers for valuable considerations, without notice, actual or implied, of the existence of the matters, evidence of which has been supplied by the amendment, are not prejudiced thereby, unless they have been accorded a hearing, and the court has determined that they have no such equities as entitle them to be exonerated from the effect of the amendment."

5. Moreover, when making proof of her title in this action, plaintiff saw fit to stop with an offer of the bare decree, without any offer of the judgment roll. If the decree had contained a correct description of the property sought to be transferred by it, we might be bound, in

the absence of any showing to the contrary, to presume that it followed and was the result of proper allegations in the complaint of defendant's ownership of the property; but the decree contains an erroneous description. If we are permitted to indulge any presumptions at all as to what was in the complaint, it must be, that it contained the same erroneous description.

6. For this reason, any attempt to amend the decree would be futile, because, when amended, it would not be supported by the averments of ownership and description necessary to render it valid. The same fault in proof occurs also in establishing the amendatory proceedings; the correctory decree only, and not the petition on which it was based, being offered. The evidence was improperly admitted, and defendant's motions should have been allowed.

These considerations make it unnecessary to consider whether Jacob Senkler, the defendant in the divorce proceedings, was properly served with notice or not, or to consider any of the other errors assigned in the record.

It follows that the judgment should be reversed, and new trial ordered.                              REVERSED.