Argued September 14; affirmed October 25, 1949

# MARSTON *v.* MARSTON

210 P. 2d 832

*Hy Samuels*, of Portland, argued the cause for appellant. With him on the brief were John D. Damis and Arthur E. Prag, of Portland.

*Glenn R. Jack*, of Oregon City, argued the cause for respondent. With him on the brief was Arthur B. Baines, of Portland.

Before BRAND, Acting Chief Justice, ROSSMAN, BAILEY, HAY and PAGE, Justices.

PAGE, J.

The parties were married in Vancouver, Washington, on March 7, 1940, and at the time of their marriage the plaintiff was a young woman of approxi-

mately 20 years of age. The defendant Louis M. Marston, whose true name was Luige Marastoni, was a man of approximately 40 years of age. He had been married and divorced on two occasions and had been previously convicted of a crime. At the time of their marriage they had nothing, and they lived from compensation defendant received for an injury caused by an industrial accident in a logging camp. For this injury, a settlement was made in January, 1941, and from the proceeds thereof the parties purchased the Sunny Side Cafe referred to in the testimony as The Tavern. The parties secured a liquor license and began the operation of the tavern. The defendant was unable to operate this tavern after Pearl Harbor as he was not a citizen, and the property was transferred into the name of the plaintiff. The title and the license continued to stand in her name until the transfer in 1944. Both parties worked and the operation of the tavern was a financial success. From the proceeds, they purchased a house and farm which later were sold and the proceeds thereof placed in the defendant's personal bank account. In addition to the purchase of land, they purchased two automobiles for which they paid $2,000, and accumulated househould furniture of the probable value of $2,000. They continued the successful operation of the tavern and from the proceeds thereof paid a judgment of $2,000 for delinquent support money for a minor child of defendant by another marriage. Finally in November, 1944, following a birthday party for the plaintiff given by defendant, he explained to her that the tavern should be incorporated, referring to the hazards of driving an automobile. The plaintiff finally signed a bill of sale transferring the title of the tavern to a corporation and stock thereof issued, one share to plaintiff, forty-eight shares to defendant

and one share to a third party. They continued to operate the tavern the same as previously until December, 1944, when the plaintiff and defendant executed deeds transferring the title to all the property to an associate of defendant's attorney and the share of stock in plaintiff's name was transferred to defendant. The day following the execution of these documents, the defendant filed suit for divorce alleging there was no property rights. When the plaintiff was served, she was accompanied to the court house by defendant's attorney. After service, defendant took the papers and assured plaintiff he would make an adjustment of the property rights. They continued to live together and to have the same business relationship as existed theretofore. On January 3, 1945, a decree of divorce was entered and on February 15th, when they finally separated, defendant gave her $500 in cash and war bonds of the maturity value of $175. Later on in June, 1945, the parties were again united and lived together as husband and wife, and finally in August, 1945, after some little difficulty between them, wherein defendant cursed and abused plaintiff and threatened to take her life, he ordered plaintiff to leave and when she did not, he vacated the premises and on August 14, 1945 was married to a third party. When plaintiff saw the marriage license in the newspaper, she somewhat understood why she had been ordered out of the premises and thereupon sought legal advice for the first time.

In the interim, after the divorce, the parties resided together as husband and wife on property purchased by the defendant subsequent to the divorce from proceeds derived from the operation of the tavern, the balance being financed through a loan secured from the wife of defendant's attorney. The plaintiff was

residing on this property when these proceedings were instituted to require the defendant to convey to plaintiff one-half interest in the real and personal property described in the complaint. The circuit court, after hearing and weighing all of the evidence, entered a decree awarding plaintiff judgment for the sum of $11,286.00 against the defendant. From this decree defendant appeals.

In taking this appeal, the defendant has presented five assignments of error, which are as follows:

Assignment of Error No. I. The trial court erred in not allowing defendant's plea in abatement.

Assignment of Error No. II. The trial court erred in not sustaining the property settlement agreement entered into by the parties prior to the entry of the divorce decree.

Assignment of Error No. III. The trial court erred in not dismissing the plaintiff's complaint on the ground that it was based on an illegal contract.

Assignment of Error No. IV. The trial court erred in not dismissing the plaintiff's complaint on the ground that the plaintiff did not offer to return or tender to the defendant the money she had received and the war bonds before seeking the cancellation of the settlement agreement.

Assignment of Error No. V. The trial court erred in failing to dispose of the forcible entry and detainer action.

We shall consider these assignments in the order presented. In support of the first assignment defendant contends that plaintiff ''was barred from bringing the within entitled suit without first moving to vacate the decree of divorce or bringing a suit to set aside

the decree of divorce,'' and in support of this contention he cites § 1-1007, O. C. L. A.; *Bamford v. Bamford,* 4 Or. 30; *Ross v. Ross,* 21 Or. 9, 26 P. 1007.

In *Bamford v. Bamford,* supra, plaintiff, having previously obtained a decree of divorce, brought suit to obtain from the defendant, her former husband, certain real and personal property owned by him at the time of the divorce. The opinion states that the ''principal questions presented in this case arise from the omission of the plaintiff to present the facts in the suit for divorce and to ask in that suit for the relief now demanded.'' The court then referred to and quoted from § 495 of the 1862 Code of Civil Procedure, as amended in 1865, Laws of Oregon, 1865, page 40, reading as follows:

> ''Whenever a marriage shall be declared void or dissolved, the party at whose prayer such decree shall be made shall, in all cases, be entitled to the one undivided one-third part in his or her individual right in fee, of the whole of the real estate owned by the other at the time of such decree, in addition to the further decree for maintenance provided for in § 497 of this Act; and it shall be the duty of the Court in all such cases to enter a decree in accordance with this provision.''

Section 497, referred to in the foregoing excerpt, provides for the recovery from the party in fault, and not allowed the care and custody of the minor children, ''such an amount of money, in gross or in instalments, as may be just and proper for such party to contribute towards the nurture and education'' of the children and also for the recovery from the party in fault such an amount as may be just and proper for such party to contribute to the maintenance of the party to whom the decree of divorce is granted. It further

provides for ''the delivery to the wife, when she is not the party in fault, of her personal property in the possession or control of the husband at the time of giving the decree.''

Plaintiff in the Bamford case was seeking to recover an undivided one-third interest in the real property owned by her husband at the time of the granting of the decree of divorce. Apparently she was also seeking a decree requiring him to make provision for her support and for the support of their minor children. Under the provisions of the sections of the code mentioned, she could have obtained in the divorce suit the relief sought in the suit under discussion had her pleadings properly presented the issue. The court held that, inasmuch as the complaint in the divorce proceeding contained no allegation concerning property and the decree was silent on the subject, plaintiff, in whose favor the decree of divorce was granted, did not acquire either a legal or equitable right to the property of the defendant by such decree. It did not hold that property rights not growing out of the marriage relation had to be determined in the divorce proceedings. *Ross v. Ross,* supra, approved and followed the holding in the Bamford case.

Section 1-1007, O. C. L. A., merely provides the method for relieving a party under certain conditions from a judgment or other proceedings.

In the instant case, defendant was granted a decree of divorce in January, 1945, and therefore plaintiff was not entitled to a one-third interest, or any interest, in his property. § 9-912, O. C. L. A., as amended by chapter 407, Oregon Laws 1941. Nor was she entitled to alimony. § 9-914, O. C. L. A. In fact she is not seeking to establish any claim against him by virtue

of their marriage relation. What she is seeking to recover here is her share in the property accumulated by their joint efforts and which is claimed by the defendant as his sole property. In *Taylor v. Taylor,* 54 Or. 560, 572, 103 P. 524, the court said:

"The expression with reference to 'property growing out of the marriage relation' has reference only to that class of property the interest in which, by either the husband or wife, attaches by operation of law; such, for example, as dower, curtesy, tenancy by the entirety, or in case of divorce, the interest for which provision is made in Section 511, B. & C. Comp." [Now § 9-912, O. C. L. A., as amended.]

■ There is, so far as we have been able to ascertain, no statute in Oregon providing for the determination in divorce suits of the rights of the spouses in property accumulated by their joint efforts, except the statutes hereinbefore specifically mentioned. Such rights probably can be determined therein if no objection is made. *Taylor v. Taylor,* supra. It is our conclusion that the right which plaintiff claims to the property, both real and personal, in defendant's possession, was not dependent on their marriage status and may be determined in the instant suit. Nothing concerning those rights was adjudicated or even suggested in the divorce suit. We find no merit in defendant's first assignment of error. He refers improperly to one of his defenses as a plea in abatement. In his pleadings, however, he correctly refers to it as a plea in bar.

■ Under his second assignment of error defendant asserts that the trial court erred in not sustaining the property settlement agreement which he claims was entered into by the parties prior to the entry of the divorce decree. The circuit court found that there

had been no property settlement of any kind, and we concur in this finding.

■ In defendant's third assignment of error,—the trial court erred in not dismissing the plaintiff's complaint on the ground that her complaint and theory is based upon an illegal contract,—the defendant apparently contends that the right of plaintiff is based upon a contract that she would live illicitly with the defendant, and in consideration thereof receive one-half of the property. Such is not the case as the complaint specifically alleges the joint accumulation of the property involved while the parties were legally married and living together. It is also alleged that she was lured into executing the deeds divesting her of the title which she had earned by her own hard work. It must be remembered that this was a court of equity.

In *Teachers' Retirement Fund Association v. Pirie,* 150 Or. 435, 445, 46 P. (2d) 105, it is said:

"Courts which have a true conception of the philosophy of equity constantly reiterate the fact that equity meets all conditions; that human ingenuity and human affairs can not create a condition which the long arm of the court of equity can not reach if injustice or wrong would otherwise result. See Harrigan v. Gilchrist, 121 Wis. 127, 99 N. W. 909, 936; Rice v. Van Vranken, 132 Misc. 82, 229 N.Y.S. 32.

"We do not find any decisions which deny courts of equity power or jurisdiction to prevent injustices of this kind, particularly where the wrong sought to be prevented is one arising out of proceedings pending in equity."

■ In the fourth assignment of error defendant contends that the trial court erred in not dismissing plaintiff's complaint on the ground that she did not offer

to return or tender what she had received at the time of the purported property settlement. Equity has jurisdiction of the entire matter and would give credit for any sum the plaintiff received, and, undoubtedly, took this into consideration and gave credit for any sum of money the plaintiff received in view of the fact that at the time the findings were served upon defendant's counsel, no objections were made or substituted findings offered by defendant's attorney for more than six months thereafter when the final decree was signed by the court.

■ In assignment of error No. V, the defendant further contends that the trial court erred in not disposing of the forcible entry and detainer action. The record discloses that the trial court indicated that the two cases should be tried together, but after the trial of the entire matter, the defendant made no effort to have the court dispose of the forcible entry and detainer action. No objection was made to the entering of the decree and no request was made as to the disposition of the forcible entry and detainer action. According to the record, that matter is still pending before the lower court and this court cannot consider the forcible entry and detainer action until such time as it is finally disposed of in the lower court and properly brought to this court.

From a careful consideration of the entire record, we are of the opinion that the defendant was given every consideration to which he was entitled by the decree of the lower court, and that, in all particulars, the decree should be affirmed.

BRAND, A. C. J., concurs in the results.