Submitted on briefs April 10, reversed with directions
April 30, 1952

# JENNINGS *v.* CONN, as Administrator
243 P. 2d 1080

*Forrest E. Cooper,* of Lakeview, and *Charles H. Foster,* of Lakeview, filed briefs for appellant.

*Theodore R. Conn,* of Lakeview, and *T. S. McKinney,* of Lakeview, filed a brief for respondents.

LATOURETTE, J.

This is a suit to establish a trust, for an accounting, and for other equitable relief, by Bessie Jennings against James H. Jennings, T. S. McKinney, as executor of the last will and testament of C. W. E. Jennings, deceased, S. V. Carroll and Bessie Carroll, husband and wife. James H. Jennings and plaintiff are the sole devisees and legatees under the will, and the Carrolls purchased some real property on contract from plaintiff and her deceased husband. James H. Jennings and T. S. McKinney, as executor, filed separate general demurrers, which were sustained, and suit dismissed. After proceedings were begun, defendant James H. Jennings died, and Theodore R. Conn was appointed administrator and was substituted as a party-defendant in this case.

The complaint is prolix, occupying 32 printed pages in the abstract and, in the interest of brevity, will not be set out in haec verba. To summarize the same, plaintiff, after alleging, "That the plaintiff is the

owner, in equity, of an undivided one half interest, as a tenant in common, of all of the real and personal property heretofore inventoried of record in the course of the probate of the estate of the said C. W. E. Jennings, as aforesaid, and of all assets which said executor may have discovered since the filing of the said supplemental inventory on the 28th day of July, 1949, as aforesaid.'', alleges in what respect she became the owner of an undivided one-half interest in the property aforesaid.

She details in the complaint that plaintiff and her husband, C. W. E. Jennings, now deceased, and whose estate is in probate in Lake county, T. S. McKinney being the executor thereof, accumulated the properties inventoried during their lifetime through their joint efforts and through contributions made by plaintiff in the way of services rendered in operating the hotel business, the grocery store and the farming ventures, all belonging to the deceased, and through assisting her husband, who was postmaster, in handling, distributing and dispatching mail; secondly, she alleges that while her husband was elected to the legislature in 1936 and gave up his postmaster job, she was appointed postmistress and received $30 per month for her services; that her husband required her to sign over the federal check to him, which money, through commingling, became part of the inventoried assets of the estate; thirdly, that she, with others, inherited from her father's estate 620 acres of land, and that she conveyed her interest, without compensation, to her husband, which land was later sold and the proceeds commingled with the assets of plaintiff, being part of the inventoried assets of the decedent's estate; and, fourthly, that she and her husband borrowed

$3,000 from the State Land Board, giving their joint note and mortgage therefor; that the mortgage was liquidated through the sale of certain property jointly owned by the parties and through jointly accumulated savings in which each had an undivided one-half interest. She then avers that title to the accumulated properties, both real and personal, was taken in the name of her husband, an undivided one-half of which was held in trust by her husband for her. She further avers: "That in all cases the said C. W. E. Jennings insisted that he should hold legal title to all real and personal property including bank deposits acquired by the parties by and through their joint efforts during the years of the marriage relationship. That the said C. W. E. Jennings believed in the husband controlling everything and plaintiff submitted to his demands." That upon the death of the deceased, his will was admitted to probate. He willed to her an undivided one-third of said real and personal property instead of the undivided one-half to which she claimed she was entitled.

■ As to the first proposition that plaintiff may recover for her personal services rendered her husband, the law is well-settled that a wife may not recover, in the absence of an express contract or statutory provision, from her husband for her personal services rendered him, whether in the household or in his business. In the case of *Bosma v. Harder,* 94 Or 219, 227, 185 P 741, we said:

> " * * * It is true, the plaintiff says that the money was accumulated during the time they lived together as husband and wife and that, among other things, she cooked for harvest hands. This, however, does not establish her ownership in any part of the fund."

■■ One of the manifold duties imposed on a wife by the marital relationship is that she shall assist her husband, and that services rendered in such assistance are presumed to be gratuitous. This doctrine emanates from the common law and is a salutary rule. The common law is based, inter alia, upon natural justice and reason, and it has been well-stated that the common law is the legal embodiment of practical sense. If such were not the law, titles to real property would be greatly disturbed and made uncertain. Creditors would be loathe to give credit to property owners on the strength of their record titles where the husband and wife occupied the premises. In most every instance, a wife could come in after her husband's death and claim an interest in her husband's property because she performed extraordinary personal services in building up and improving his property. The ramifications from such a rule would be manifold. To embrace the principle urged by plaintiff would, in effect, be writing a community property law by judicial fiat. A leading case on this subject is *Dorsett v. Dorsett,* 183 NC 354, 111 SE 541, 23 ALR 18. See *Sinift v. Sinift,* 229 Iowa 56, 293 NW 841; *Collier v. Collier,* 182 Md 82, 32 A2d 469; *Wood v. Wood,* 126 WVa 189, 28 SE2d 423; Madden, Persons and Domestic Relations, 153, § 53; 27 Am Jur, Husband and Wife, 66, § 468; 41 CJS, Husband and Wife, 602, § 130.

■ It is asserted that the above rule was not followed in *Marston v. Marston,* 187 Or 243, 210 P2d 832. There is some language used in that case which indicates that the wife could recover her share of the property accumulated by the joint efforts of the husband and wife. However, in the Marston case a resulting trust was found to exist because of the husband's appropriating the wife's separate property. There, the

wife had the legal title to the Sunny Side Cafe in which both parties labored. From the proceeds of the operation of the tavern, a house and farm were purchased which were later sold and the proceeds therefrom were deposited in the husband's personal bank account. Other properties were purchased from the proceeds of the tavern venture. Thereafter, the tavern was incorporated and the wife executed a bill of sale transferring the title to the same to the corporation. There were 50 shares of stock in the corporation, one share of which was issued to the wife, 48 shares to the husband and one share to a third party. Title to the property was transferred to an associate of the husband's attorney, and plaintiff's one share of stock was transferred to the husband. Within a day following such transactions, the husband sued the wife for divorce. The wife prevailed in the law suit, which decree was affirmed by us. The case, in effect, turned on a resulting trust in favor of the wife, and whatever is said in that case about the joint accumulation of the parties' property was *obiter dictum* and cannot be considered as authority on the subject.

■ The second, third and fourth propositions pleaded in plaintiff's complaint stand on an entirely different footing. It is there asserted that plaintiff's separate property was acquired by the husband and is reflected in the inventory of the estate of decedent. Under the doctrine of *Hughes v. Helzer,* 182 Or 205, 185 P2d 537, *Cary v. Cary,* 159 Or 578, 80 P2d 886, 121 ALR 1371, and *Rhodes v. Peery,* 142 Or 165, 19 P2d 418, plaintiff's complaint states a cause of suit. Reversed with direction to overrule the demurrers.

HAY, J., considering himself disqualified, did not participate in this decision.