Argued October 30, affirmed November 28, 1962

# BEARD *v.* BEARD
376 P. 2d 404

*Harold A. Fabre,* Pendleton, argued the cause for appellant. On the briefs were Fabre & Collins, Pendleton.

*Ralph Currin,* Pendleton, argued the cause for respondent and cross-appellant. On the brief were Currin & French, Pendleton.

Before McAllister, Chief Justice, and Sloan, O'Connell, Goodwin, Lusk and Denecke, Justices.

GOODWIN, J.

This is an appeal and a cross appeal from a divorce decree. The wife obtained a divorce, custody of two children, support money, the alimony prayed for in her complaint, and a substantial quantity of property. She appeals because she wants additional property and child support.

The husband cross appeals, contending that the award of any property to the wife was error because there was no pleading foundation for such an award.

With reference to the wife's contentions, we have examined the record and have concluded that her appeal is without merit. It is perhaps true that the trial

court awarded her slightly less property than might have been justified if property had been the only consideration before the court. However, the court also awarded the wife $400 per month as permanent alimony, and $200 per month as child support. The allocation of periodic payments to the wife is in keeping with her needs and with the husband's ability to pay.

■ The trial court was aware of the relationship between the earning capacity of the husband and his management of the business properties that produced his income. If the wife's demand for a greater share of the property were satisfied, it would be doubtful whether the husband would be able to make the periodic payments required under the decree. The trial judge took all relevant factors into account in arriving at a just distribution of property and a just award of periodic payments. We have found no reason to overturn the decree on the wife's representation that she ought to have a greater share in the property.

Turning to the cross appeal, it appears that the wife's complaint failed to describe any property. There was a vague allegation that the parties had acquired certain property and that their rights therein ought to be determined. The suit came on for trial on January 5, 1962, and after the taking of testimony the matter was continued until January 17, 1962.

On January 17, the wife filed an amended complaint describing in detail for the first time the property in which she claimed an interest. No additional testimony was taken on that day, but counsel apparently argued the case at some length. The arguments are unreported. The amended pleading apparently was tendered to conform to the proof that previously had been placed in the record over the husband's objection that it was without a foundation in the pleadings. The

husband now says that it was error to receive the amended pleading because one may not amend a pleading to conform to proof that was inadmissible when it was received. We shall assume, without deciding, that his assertion contains a correct statement of a general rule. See *Smith v. Jacobsen*, 224 Or 627, 632, 356 P2d 421 (1960). As will be seen, there is no reason in this case to disturb the rule.

Under ORS 16.390 a party may amend his pleadings to conform to the proof. The cases hold that such proof must be properly in the record. See *Smith v. Jacobsen*, supra, and *Tracy and Baker v. City of Astoria*, 193 Or 118, 129, 237 P2d 954 (1951). The language usually quoted from the cases is that the "evidence upon which to base * * * [the amendment] must have been received without objection." *Wood v. Southern Pacific Co.*, 216 Or 61, 72, 337 P2d 779 (1959). Evidence of the property owned by the parties in the case at bar was objected to, but the evidence was received despite the objection. The question thus resolves itself into a question whether the objection was properly overruled. If it was, then there was no abuse of discretion in permitting an amendment to conform to the proof. In other words, if the original pleading afforded adequate notice to the defendant so that we can say that the property rights of the parties were in issue, then the proof was relevant to an issue and was properly received.

■ The original complaint was, no doubt, somewhat perfunctory. It did, however, put the defendant on notice that the wife was seeking a division of the property owned by the parties. The parties were not strangers. Both had participated in the husband's business and in the acquisition of the property. Both knew the nature and extent of all the property. There

was no danger of surprise, nor of trial by ambush. In a divorce suit, where an allegation that the parties are the owners of property is coupled with a prayer that their respective interests in their property be determined, and the defendant files no motion to require the complaint to be made more definite and certain, we have discovered no reason for a rule that would deny the trial court the power to allow such amendments and to take such evidence as it may deem proper in order to accomplish equity between the parties. Here the amendment was made before the cause was submitted and there is no showing that the defendant was denied the opportunity to meet the wife's evidence in any manner he saw fit. Indeed, he produced a large volume of evidence to support his theory of the value of the property.

The defendant correctly notes that this court has held defective decrees which attempted to award property to parties when the pleadings contained no foundation for doing so. See *Schoren v. Schoren,* 110 Or 272, 282, 214 P 885, 222 P 1096 (1924) (result changed on rehearing because parties had made an agreement in open court concerning the property). In another case we returned the cause to the trial court with instructions to reopen the matter so that proper pleadings could be filed and the property questions disposed of according to the agreement of the parties. See, e.g., *Miles v. Miles,* 185 Or 230, 202 P2d 485 (1949). In the case at bar, of course, there was no agreement by the parties.

■ The last two mentioned cases cite a number of early decisions of this court which held that legal title to land could not be conveyed by a decree of divorce unless there was a pleading foundation for that part of the decree. See, e.g., *Bamford v. Bamford,* 4 Or

30 (1870), and *Senkler v. Berry,* 52 Or 212, 96 P2d 1070 (1908). Assuming the viability of the general proposition found in those cases, none of the defendant's authorities supports his assertion that a trial court may not, during the pendency of the suit, allow such amendments as may, in the court's discretion, appear to be proper. On the contrary, amendment is allowed with reasonable liberality, particularly where the matter covered by the amendment is sufficiently brought to the notice of the adversary in the original pleading and during the trial so that he can be prepared to meet the issue. See *Putnam et ux v. Jenkins et ux,* 204 Or 691, 725, 285 P2d 532 (1955). The cross appeal discloses no error in connection with the award of property to the wife.

■ Finally, the husband's brief challenges the propriety of granting the wife a divorce. No cross appeal was taken from that portion of the decree which dissolved the marriage. There is, accordingly, no question before this court upon the sufficiency of the wife's grounds for divorce.

Affirmed; no party to recover costs.