Argued June 18, affirmed July 23, 1970

# DALY, *Respondent, v.* DALY, *Appellant.*

472 P2d 850

*Walter H. Evans, Jr.*, Portland, argued the cause for appellant. With him on the brief was William D. Peek, Portland.

*Carlton R. Reiter*, Portland, argued the cause for respondent. With him on the brief were Reiter, Day, Wall & Bricker, Portland.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

FORT, J.

This appeal from a divorce decree granted to the wife presents as its only disputed issue the court's award of alimony, child support, and its division of the property.

The husband, appellant herein, does not attack either the granting of the divorce to the plaintiff wife or the award to her of the custody of the three minor children. He contends that the awards for child support of $700 per month for three children and $600 per month alimony were too large when considered along with the property division ordered by the court. The record indicates that the parties were the owners of very substantial property interests which the court divided by awarding approximately one-third in net value to the wife and two-thirds to the husband. Approximately one-half of the wife's one-third was represented by the family home and furnishings. All of the assets capable of currently producing income were given to the husband.

Appellant, relying on *Trombley v. Trombley*, 225 Or 209, 357 P2d 283 (1960), in his brief concedes:

"In determining alimony and support for the benefit of the wife and children it is proper for the

Court, *as far as practicable,* to consider the social standing, comforts and luxuries of life which they would have enjoyed but for the divorce." (Emphasis in brief.)

The amounts awarded for support and alimony, when measured by that test, do not exceed that which here is practicable.

In challenging the amount of alimony awarded, appellant cites *Beard v. Beard,* 232 Or 552, 376 P2d 404 (1962). The court there said:

> "The trial court was aware of the relationship between the earning capacity of the husband and his management of the business properties that produced his income. If the wife's demand for a greater share of the property were satisfied, it would be doubtful whether the husband would be able to make the periodic payments required under the decree. The trial judge took all relevant factors into account in arriving at a just distribution of property and a just award of periodic payments. * * *" 232 Or at 554.

As pointed out above, the trial court here awarded the husband all of the current income-producing property, and this award represented approximately two-thirds of the net value of all assets of the parties. This property alone currently produced income sufficient to meet the payments of alimony and child support, and with prudent management, combined with appellant's personal efforts therein, could reasonably be expected to produce much more. It is clear that the court did thus apply the rationale of *Beard,* supra.

■ Appellant objects to the court's requiring him to pay the accumulated debts, including unpaid real estate taxes and other family expenses. The wife was not employed outside the home.

In *Cooley v. Cooley,* 1 Or App 223, 461 P2d 65 (1969), this court said:

"\* \* \* The court has broad power to determine the division or other disposition between the parties of the real or personal property of either or both of the parties as may be just and proper in all the circumstances. ORS 107.100 (4). Since the adoption of ORS 107.410 in 1961, the court sitting in proceedings for divorce has full equity powers. It requires no great stretch of the imagination to find that an order requiring the husband to pay certain debts of the parties acquired during marriage is appropriate as a division or other disposition of their property." 1 Or App at 232-33.

Obviously it is important to both parties that their debts incurred during the marriage for uses consistent with the discharge of family responsibilities be paid. The debts were generally of this character. We find no abuse of the court's discretion here.

This court recently in *Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970), discussed the rules applicable to this type of case. We have applied them here. As in that case, our review of the record reveals no reason here to upset the carefully integrated awards for alimony, child support and division of property made by the trial court.

The decree is affirmed.