Submitted on record and briefs August 19, affirmed
September 23, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
KANEASTER, *Appellant, and* KANEASTER
(No. E-5795), *Respondent.*
526 P2d 585

Claud A. Ingram, John Day, for appellant.

J. David Coughlin, Baker, for respondent.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

This appeal by appellant-husband in a dissolution of marriage proceeding challenges only the award of the custody to the respondent-wife of the two-year-old daughter, the sole issue of the marriage.

The decree, so far as here relevant, provides:

"* * * * *

"5. Respondent is hereby awarded the care, custody and control of the minor child of the parties, namely Wendy Rachell Kaneaster, subject to the following restrictions:

"a. The custody of the child shall be reviewed by this Court on approximately the 5th day of February, 1975, or as soon thereafter as is possible in order to determine if the Respondent is doing an adequate job of caring for the child.

"b. Respondent shall not move from the area immediately surrounding Bates, Oregon without first obtaining written permission of the Court.

"c. Respondent shall not entertain men in her home or in the home in which she resides unless and until such time as she remarries.

"d. Custody of said child shall be under the supervision of the Grant County Juvenile officer, Mr. Jim Spell, and said officer is hereby directed to have an interview as soon as possible with Respondent and thereafter to submit a monthly report to the Court regarding the welfare of the child.[①]

"* * * * *"

The transcript reveals, as does the foregoing provision, the serious concern in the mind of the court in awarding the custody to the mother. The case is a marginal one on the evidence.

Following the filing of the petition, the court, on November 14, 1973, granted temporary custody to the

---

[①] In the absence of any cross-appeal, we do not consider the authority of the court to impose certain of the foregoing provisions in a dissolution of marriage decree (Beard v. Beard, 232 Or 552, 376 P2d 404 (1962)), as distinguished from a dispositional order entered after adjudication of wardship in a juvenile court proceeding.

father. Upon the hearing held shortly thereafter, it ordered:

"* * * * *

"* * * [T]hat the custody of Wendy Rachell Kaneaster be and it hereby is granted to Betty Coalwell, maternal grandmother of said child, during the pendency of the above entitled proceedings, subject to Dwight Kaneaster aiding and assisting her in the care of said child pursuant to an arrangement between them and the rights of the parties to visitation with said child which should be liberal in nature and subject to the discretion of Betty Coalwell.

"* * * * * *"

The father was employed in a lumber mill and worked the swing shift. His suggested plan for the child was to leave her with Mrs. Coalwell, who did not appear as a witness.

In *Sarty v. Forney,* 12 Or App 251, 252-53, 506 P2d 535 (1973), we pointed out the reasons why, in most child custody cases, the filing of a detailed opinion reciting the facts aids neither the parties, the bench nor the bar. From our review of the briefs and the transcript, this is such a case. Accordingly, we decline to do so.

The trial court heard and saw the witnesses and its conclusion as to what is in the best interest of the child is thus entitled to substantial weight. In *Cooley v. Cooley,* 1 Or App 223, 227, 461 P2d 65 (1969), we said:

"This court is reluctant to disturb the decree of the trial court as to the custody of children where the case is purely one of fact, and the evidence is sufficient to warrant the conclusion reached by the trial court. *Bennehoff v. Bennehoff,* 209 Or 224, 225, 304 P2d 1079 (1956); *Henry v. Henry,* 156 Or 679, 69 P2d 280 (1937)."

*See also: Read v. Read,* 229 Or 113, 366 P2d 164 (1961).

We note the decree provides for a clearly warranted review within the next six months from this date.

Affirmed.