Argued October 28, affirmed December 9, 1974

WARREN, nka WEATHERSPOON, *Appellant, v.*
WARREN (No. 21146), *Respondent.*

528 P2d 1088

*R. T. Gooding*, La Grande, argued the cause for appellant. With him on the briefs was Gooding & Susak, La Grande.

*Charles R. Cater*, La Grande, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

TANZER, J.

This is an appeal from a denial of a motion to change custody of the two children, 11 and 9, of a marriage which ended in divorce in 1971. Custody was then awarded to the father. Both parties have since remarried. Extensive testimony was taken and we try the case *de novo* on the record.

The appellant introduced evidence to show that the children were withdrawn and that their bodies and clothing were consistently filthy. Witnesses stated

that the father did not participate in some of the children's activities and that he was insensitive to the feelings of the 11-year-old daughter, just as she entered an emotionally difficult age. She further showed that the father's new wife is an intemperate person who screams harshly at the father and the children. On the other hand, appellant gave proof that she, her new husband and her parents showed a far greater concern and involvement in the education, activities, cleanliness and clothing of the children.

The respondent and his wife testified that they participate in the children's school and extracurricular activities, that their new, larger home is neat, that the children bathe and change clothes daily and that their welfare is well attended to. Their school principal, a teacher and friends testified that the children are comparable to other children in personality, cleanliness, clothing and school progress. A psychiatric social worker with the Union County Mental Health Service testified that the respondent and his wife underwent a period of counseling which dealt successfully with the boy's problems of adjustment to the new family arrangement. While he was able to express no opinion regarding appellant's family, he testified that the respondent and his new wife provided a suitable family environment for the two children.

■ There was also considerable evidence of past conduct by appellant and by respondent's present wife which the trial court found to have reflected undesirable moral standards. *See* ORS 107.105 (1)(a). Such conduct did not disqualify appellant from having custody of her children any more than it qualified respondent's present wife. In any event, the conduct of neither party could be inferred to have had a negative

effect on the upbringing of the children rendering that person unfit to have custody. *Goode v. Goode,* 4 Or App 34, 37, 476 P2d 805 (1970). We do not consider that evidence in arriving at our decision.

■ This is largely a case of assertions and denials. Hence the result must turn in large part upon the credibility of the witnesses. In such cases we give great weight to the express or implicit findings of the trial judge who was able to observe the witnesses. *Kaneaster and Kaneaster,* 18 Or App 633, 526 P2d 585 (1974). Here, the trial court necessarily favored the testimony of respondent's witnesses.

■■ Children are entitled to the love, companionship and guidance of both of their parents, *Delf and Delf,* 19 Or App 439, 528 P2d 96 (1974). This case, however, is marked by a continuing adversarial, competitive relationship between the parents, reinforced by the attitudes and conduct of the maternal grandparents and the stepmother. That hostility is reflected in the emotional states of the children. Whoever may have custody, it is the duty of each parent and each family member to the children to set aside personal feelings and act in a manner which is supportive of the relationship of the children to the other parent.

■ It is clear that each parent maintains an active interest in the welfare of the children and that each parent is capable of offering a suitable home for them. While the mother seems more conscientious than the father in certain ways, disinterested witnesses testified that the children are doing well in their present situation. The desire of the law for stability in the lives of the children, *see R. v. R.,* 15 Or App 464, 516 P2d 476 (1973); *Ellis and Ellis,* 17 Or App 86, 520 P2d

475 (1974), requires that custody will not be changed lightly. To justify a change of custody there must be a showing that the non-custodial parent would provide an environment for the children which is not only better for the children than that of the custodial parent, but which is sufficiently better as to overcome the detriment to the children arising from a wrenching change of custody. We do not find the mother's home to be of such superior benefit to the children as would compensate for the dislocation. Therefore they should remain with their father with reasonable visitation with their mother.

Affirmed. Costs to neither party.