Argued February 24, affirmed March 10, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
JONES, *Respondent, and* JONES (No. 389-971),
*Appellant.*
532 P2d 805

*Frank H. Hilton, Jr.,* Portland, argued the cause
for appellant. With him on the brief were Dwight L.
Schwab and Hutchinson, Schwab, Burdick & Hilton,
Portland.

*Roger L. Meyer,* Portland, argued the cause for respondent. With him on the brief were Sabin, Newcomb, Sabin & Meyer, Portland.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

Appellant 46-year-old husband appeals from a decree dissolving the parties' 12-year marriage. He challenges essentially the division of property, the support award to the 39-year-old wife and that for the three children, aged about 10, 9 and 6.

The evidence establishes that the parties were possessed of substantial assets. While there is as usual some difference in the valuations of a number of them, it is undisputed that their net fair market value after payment of all indebtedness is, by appellant's estimate, approximately $250,000, and, by respondent's estimate, approximately $300,000.

The husband is a physician specializing in obstetrics and gynecology. During the tax years 1970, 1971 and 1972 his annual net profit from his practice, as shown by his tax returns, ranged from a high of $121,000 to $82,000 to a low of $53,000.

The trial court in a carefully considered decree awarded the wife lump sum alimony of $22,500 payable monthly in declining monthly amounts over a three year period, child support of $250 per month per child, and assets, including the home, representing approximately two-thirds of the total. The home itself represented about one-half in net value of the assets awarded to her. Thus the court in effect awarded the

home to the wife and divided the remaining assets in terms of net value substantially equally between the parties.

■ The wife at the husband's insistence did not work during the marriage, but within a reasonable time can and intends to again qualify as a teacher. The great discrepancy between the prospective earnings of each in their respective professions is a factor that the court might properly have and doubtless did take into consideration, as we do.

■ The rules governing the award of child support, alimony and division of property have been repeatedly stated and restated by this court and the Supreme Court. We see no reason to reiterate them here. We think they were correctly applied here by the trial court.

Affirmed.