Argued October 20, affirmed November 10, reconsideration denied December 17, 1975, petition for review denied January 13, 1976

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
GOLDBERG, *Appellant, and* GOLDBERG
(No. C-7152) (CA 4852), *Respondent.*
542 P2d 139

*Dwight L. Schwab,* Portland, argued the cause for appellant. With him on the brief were Schwab, Burdick & Hilton, Portland.

*W. A. Franklin,* Portland, argued the cause for respondent. With him on the brief were Franklin, Bennett, Ofelt & Jolles, P.C., Portland.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Husband appeals from that portion of a dissolution of marriage decree which awarded custody of the couple's only child, a two and one-half year old boy, to the wife.

Husband alleges error on two bases. First, that the trial court erred in not awarding him custody since he, contends husband, is the sole psychological parent of the child, the mother having little contact with the child since her unsuccessful suicide attempt of January 1974. Secondly, that the wife should not have been awarded custody because of her suicidal tendencies and because of the brain damage incurred in the suicide attempt.

The trial lasted 16 days and the record contains nearly 2,500 pages of testimony. Both the husband and the wife called an imposing array of expert witnesses to the stand to testify on behalf of each party. They could agree on very little. Additionally, there was a tremendous amount of lay testimony regarding the conduct of each party and the fitness of each for custody. This testimony, too, was in hopeless conflict.

■ Considering the first basis, we do not agree that the husband is the sole psychological parent; both the husband and wife are psychological parents. The

record reveals that even while in the hospital recovering from her attempted suicide the wife remained in frequent contact with her child. And after her release from the hospital in June of 1974 we find that she has spent a great deal of time with her son. At all times she has remained a psychological parent.

After reviewing all the medical testimony we agree with the trial judge that the wife is not now or prospectively suicidal and that she is a fit person, both physically and psychologically, to be awarded custody. Regarding the question of her possible brain damage, we conclude that she has no significant damage. In this regard, the testimony of Dr. James Watson, a neurologist called by the wife, is persuasive.

"Q [Wife's trial counsel] And you had seen Debbie Goldberg on the 27th of December of last year, and don't go into entirely what your findings were after that exam, but would you give us in summary what your findings were at that time?

"A [Dr. Watson] If I recall, they were findings suggestive of a shade of what might be described as dysarthria, or at least hesitancy in speaking; rather brisk reflexes in her lower legs; Babinski response if I remember, going along with that on the left; the residuals of what was described as a clubfoot abnormality from childhood, probably was—seemed to me the biggest handicap in her gait, which was a bit unsteady, but other than that, no spectacular neurologic findings.

"Q Neurologically speaking, and in summary, would you place your findings in the area of minimal, moderate, severe, or just how would you characterize your findings?

"A I was going to use the word 'mild'.

"Q And would that be at the lowest scale of any impairment?

"A Yes, sir.

"* * * * *

"Q Now Doctor, those findings that you made, that you thought were significant, the brisk reflex reaction, and the shade of speech impairment, does that have any bearing, in your opinion on her ability to have custody and care of a child, child two years old and older?

"A No."

■ Where, as here, the issues are ones of fact and the testimony conflicts, the believability of the witnesses becomes crucial and the decision of the trial court must be given great weight. *Kaneaster and Kaneaster,* 18 Or App 633, 526 P2d 585 (1974); *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

Having considered the entire record de novo, we believe that the trial court reached the correct result.

Affirmed. Costs to respondent-wife.