Argued October 30, affirmed November 28, 1975

JUDSON ᴇᴛ ᴀʟ, *Plaintiffs, v.* TERRY MORGAN
CONSTRUCTION, INC., *Respondent,* HOVEY
ᴇᴛ ᴀʟ, *Defendants,* MAREK, *Respondent,*
BRICKEY, *Appellant.*

542 P2d 1010

*James N. Westwood,* Portland, argued the cause
for appellant, William E. Brickey, Trustee for First

Federal Savings and Loan Association of Willamette Valley. With him on the briefs were Miller, Anderson, Nash, Yerke & Wiener and John R. Bakkensen, Portland.

*Todd G. Brown,* Corvallis, argued the cause for respondent, Ronald L. Marek, Trustee in bankruptcy for Terry John Morgan, Linda Sue Morgan and Terry Morgan Construction, Inc. With him on the brief were McClain & Brown, Corvallis.

James Eickelberg, Corvallis, filed a brief for respondents Hovey and Benson.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is a suit to foreclose a mechanic's lien against real property owned by Terry Morgan Construction, Inc., a bankrupt corporation. Among the defendants was Home Federal Savings and Loan Association, which filed an answer and cross-complaint to foreclose a deed of trust executed by Terry Morgan and Linda Morgan as security for a $30,000 loan.[1] Home Federal appeals from a decree declaring that it has no interest in the property.[2]

Home Federal contends on this appeal that the trial court erred in excluding evidence to support reformation of the trust deed signed by Terry Morgan and Linda Morgan into a trust deed of the bankrupt corporation; in denying its motion to amend its cross-complaint to allege and pray for such a reformation

---

[1] Home Federal Savings and Loan Association, formerly First Federal Savings and Loan Association of Willamette Valley, appeared by William E. Brickey, as trustee.

[2] At the time of trial Home Federal was represented by different counsel than those representing it on this appeal.

of the trust deed; and in finding that it has no interest in the real property. In resolving the issues arising from these contentions the pleadings and the record of the proceedings at the trial are of controlling importance.

*The pleadings and the trial record.*

The cross-complaint of Home Federal alleged that Terry Morgan Construction, Inc., was the owner of the property; that Home Federal made a loan of $30,000 to the corporation secured by a trust deed on the property; that Terry Morgan and Linda Morgan were officers of that corporation "and executed said note and mortgage with the full and complete intention of and were acting on behalf of the Defendant, TERRY MORGAN CONSTRUCTION INC., in the scope of their employment," and that payments on the note were delinquent.

In his opening statement counsel for Home Federal stated that one of the "matters to resolve" was "a reformation proceeding"; that "the allegations are" that there was either a mutual mistake or a unilateral mistake by Home Federal and "inequitable conduct" of Terry Morgan Construction and that Home Federal "proceeded on the understanding that the note and the first trust deed would secure property that Mr. Morgan was purchasing" and that "there will be a fact dispute as to whether we can show with clear and convincing evidence [that] reformation is to be entitled." In response, the attorney for the bankruptcy Trustee stated his position to be that "defendant is not entitled to reformation either under the law or under the pleadings of the case. * * * He's not pleaded the elements of reformation * * *."

The first witness called by Home Federal, one of its employees, identified the note signed by Terry Morgan and Linda Morgan. The note and trust deed were then received in evidence. The branch man-

ager for Home Federal was then called as a witness. He testified that he received an application from Terry Morgan for a loan for building a "spec house." He was then asked "[W]hat was your understanding when the loan application was made with regard to whom the loan was to be made."

The Trustees then objected on the ground that the deed of trust was unambiguous and that such evidence was both inadmissible under the parol evidence rule and irrelevant under the pleadings. Counsel for Home Federal responded by contending that "the parol evidence rule does not apply to this proceeding because this is a suit to reform." The Trustee then pointed out that Home Federal's pleading did not allege the elements required for reformation.

The matter was then argued, with both attorneys citing cases and submitting previously prepared trial memoranda on the question of the requirements for reformation. The court then sustained the objection to the previous question and also sustained an objection to the offer in evidence of the loan application, signed by Terry Morgan, when offered to show that he was "acting on behalf of the corporation."

The attorney for Home Federal then moved, in the alternative, for leave to file an amended complaint or for a voluntary nonsuit. Both motions were denied.

At the end of the trial an offer of proof was made by Home Federal at which time the testimony of six witnesses was taken, presumably "under the rule" of ORS 17.045(2). The testimony of these witnesses, which is contended by Home Federal to be sufficient to support its claim for reformation, is summarized below in discussing that contention.

Upon completion of the offer of proof counsel for Home Federal moved "to amend the pleading to

reflect the transaction as the court has heard it under the offer of proof" and contended that "the facts clearly show that the mistake was made either in equity or inequitable conduct on behalf of one party and mutual mistake or unilateral mistake and inequitable conduct."[3] The trial court then denied that further motion of Home Federal for leave to amend.

*The denial of Home Federal's motion to amend its cross-complaint was not an abuse of discretion by the trial court because its offer of proof was insufficient.*

The principal assignment of error by Home Federal is that the trial court erred in denying its motion for leave to amend. In support of that assignment Home Federal relies upon ORS 16.390.[4]

Home Federal first contends that the discretion granted to trial courts under this statute should be exercised liberally in the furtherance of justice, rather than to defeat justice, and that motions under this statute to amend pleadings to conform to the facts proved should be allowed unless to do so would surprise the other party or put him at a disadvantage, citing *Morrill v. Rountree,* 242 Or 320, 325, 408 P2d

---

[3] Although unilateral mistake and "inequitable conduct" were mentioned at the time of trial as a ground for reformation, the sole contention on appeal is that Home Federal was entitled to reformation on the ground of mutual mistake, with no further contention of unilateral mistake and inequitable conduct.

[4] ORS 16.390 provides:

"*The court may,* at any time before trial, in furtherance of justice, and upon such terms as may be proper, allow any pleading or proceeding to be amended by adding the name of a party, or other allegation material to the cause; and in like manner and for like reasons may, *at any time before the cause is submitted, allow such pleading* or proceeding *to be amended,* by striking out the name of any party, or by correcting a mistake in any other respect, or *when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved.*" (Emphasis added)

932 (1965). Home Federal also contends that after coming to court armed with a trial memorandum on the subject of reformation of instruments the Trustee in bankruptcy could not properly claim that he would be prejudiced by the allowance of amendments to more properly allege the elements required for reformation of this trust deed.

The Trustee contends, however, that before the trial court can properly allow a motion made during the course of a trial under ORS 16.390 to conform pleadings "to the facts proved" it must appear that the facts have been proved by the evidence received without objection, citing *Tracy and Baker v. City of Astoria,* 193 Or 118, 129, 237 P2d 954 (1951).[9]

In reply, Home Federal contends that in the subsequent case of *Furrer v. Talent Irrigation District,* 258 Or 494, 505, 466 P2d 605 (1971), we said, with reference to *Tracy,* that:

"If evidence is introduced which goes beyond the pleadings in the sense that it relates to a cause of action or defense not pleaded, and objection is made to it, an amendment to the pleadings cannot be allowed. But if the evidence is within the scope of the pleadings, an amendment is permissible. * * *"

See also *Bramwell v. Rowland,* 123 Or 33, 42-43, 261 P 57 (1927).

■ In view of the allegations of the cross-complaint

---

[9] In addition, the Trustee contends that a motion for leave to amend under ORS 16.390 is improper unless the terms of the proposed amendment are stated specifically either by the tender of an amended pleading or otherwise on the record; that there are strict requirements for the pleading of reformation, as stated in *Scoville v. Hampton,* 217 Or 256, 335 P2d 399, 340 P2d 952 (1959), and other cases; and that even if evidence received over objection may provide a sufficient basis for an amendment under ORS 16.390 to conform to facts proved, there was only a rejected offer of proof in this case. Because, however, of the basis on which we decide this case, we need not decide these contentions.

of Home Federal that when Terry Morgan and Linda Morgan executed the note and trust deed they did so "with the full and complete intention of and were acting on behalf of the defendant, Terry Morgan Construction, Inc., in the scope of their employment" and in view of apparent understanding by the attorney for the Trustee in bankruptcy that Home Federal would seek a reformation of the trust deed under these allegations, we believe that in this case the evidence offered by Home Federal did not "go beyond the pleadings in the sense that it relate[d] to a cause of action or defense not pleaded." Cf. *Beard v. Beard,* 232 Or 552, 557, 376 P2d 404 (1962), and *Elliott v. Mosgrove,* 162 Or 507, 543, 91 P2d 852, 93 P2d 1070 (1939). See also Clark on Code Pleading 726, § 117 (1947).

■ It follows, under the rule of *Furrer,* that an amendment to the pleading to conform to such facts would have been proper even though an objection had been made to such evidence; provided, of course, that the offered evidence was sufficient to establish sufficient "facts" to which the cross-complaint could be amended so as to "conform * * * the pleading * * * to the facts proved," as provided by ORS 16.390. Indeed, it is conceded by Home Federal that in order to provide a proper basis for the amendment of a pleading during trial to conform to "the facts proved," as provided by ORS 16.390, "a party must put forth proof of his facts."

■ The more serious question is whether in this case Home Federal, by its offer of proof, "put forth proof" of sufficient facts to entitle it to a reformation of the note and trust deed, as necessary to provide a proper basis for the amendment of its cross-complaint under ORS 16.390 to conform to such facts.[®]

---

[®] Because this case was pleaded and tried on a theory of

Home Federal contends on this point that "testimony adduced in Home Federal's offer of proof established that Home Federal thought it was entering into a note and trust deed with Terry Morgan Construction, Inc. * * *." This is not entirely clear, however, because the written report of the Home Federal loan committee was that the loan application was "submitted by Terry John Morgan and Linda Sue Morgan." According to testimony offered by Home Federal, that report was "based on all supporting documents we have had up to this point" and those documents "accurately reflect[ed] the transactions as approved by the loan committee."

In addition, it appears that financial data was requested by Home Federal from both the Morgans as individuals and from the corporation and that Home Federal had two preliminary title reports, one indicating that the individuals, Terry John Morgan and Linda Sue Morgan, were the purchasers of the property and the other indicating that the corporation was the purchaser. The order for title insurance under that second preliminary report was cancelled and title insurance was issued under the first report. With knowledge of all of these facts Home Federal prepared the note and trust deed for execution by Terry Morgan and Linda Morgan.

We do not believe that under these facts the testimony of Home Federal employees to the effect that it was their "understanding" that they were approving and making a loan to the corporation, rather than to the individuals, and the fact that it would have been unlawful for Home Federal to make a loan not secured by a first trust deed or by a first mortgage, is sufficient to satisfy the burden of Home

---

reformation, we do not consider whether plaintiff may have been entitled to relief on any other theory. See *Chaney v. Fields Chevrolet Co.*, 258 Or 606, 613, 484 P2d 824 (1971).

Federal to establish by "clear and satisfactory evidence" that there was a meeting of the minds of both Home Federal and the Morgans to the effect that the loan was to be made to the corporation, rather than to the individuals; that the note and trust deed were to be given by the corporation, rather than by the individuals, and that, as a result, the trust deed by the individuals failed to correctly state the intention of the parties in their prior agreement.[7]

It may be that there was such a mistake relating to the title of the property as to support a rescission of the transaction. See 13 Williston on Contracts 356, § 1566A (3d ed 1970). It does not follow, however, that Home Federal is entitled to a reformation of the trust deed. As stated in *Manning Lumber Co. v. Voget,* 188 Or 486, 500, 216 P2d 674 (1950):

> "The purpose of reformation by a court of equity is to make an erroneous instrument express correctly the real agreement between the parties; no court can make a new contract for them. Where a written instrument is merely intended to record a prior, definite, and specific oral understanding of the parties, but, because of a mutual mistake, that instrument fails to set out the prior agreement correctly in some material respect, a court of equity will ordinarily reform it. * * * *'It is not enough to justify reformation that the court is satisfied that the parties would have come to a certain agreement had they been aware of the actual facts,'* 5 Williston on Contracts, Rev. Ed., § 1548, at p. 4341." (Emphasis added)

To the same effect, see *Dolph v. Lennon's, Inc.,*

---

[7] It is also contended by the Trustee that Home Federal has failed to prove that it was not negligent in this transaction, as required in order to entitle it to reformation. Again, because of the basis for our decision we need not decide that question.

*et al,* 109 Or 336, 346, 220 P 161 (1923). See also 13 Williston, *supra,* 110, 120-27, §§ 1546, 1548.⑧

Regardless of any mistake by Home Federal, the offered proof was not sufficiently "clear and satisfactory" to establish (as contended by Home Federal) that Terry Morgan and Linda Morgan made a mistake in that they had previously agreed that the loan was to be to the corporation, rather than to themselves as individuals, or that in signing the note and trust deed they were acting as agents on behalf of the corporation, as alleged by Home Federal's cross-complaint, rather than in their individual capacities.

In support of that contention Home Federal argues that "just as convincing is the evidence showing that the Morgans believed they were borrowing $30,000 on behalf of Terry Morgan Construction, Inc.," and that this evidence consisted of: (1) the fact that in mortgage loan applications the question "Do you now own the land?" was answered "yes" and that application was signed by Terry Morgan alone, despite the printed instruction that "all borrowers must sign," and that he was president and owner of the corporation; (2) the fact that the fire insurance binders, as presented by Terry Morgan, were issued to "Terry J. & Linda S. Morgan, dba Terry Morgan, Inc."; (3) the fact that as individuals Terry and Linda Morgan did not own the property and that the warranty deed executed by the previous owners named the corporation as grantee; (4) the fact that the day after sign-

---

⑧ The trial memoranda for Home Federal stated, among other things, that:

"A Court of Equity should never decree reformation of a written contract *except* upon clear, satisfactory and convincing evidence of the real agreement of the parties and of the fact that the instrument, through mistake, does not embody that understanding. It must clearly appear that the omission was contrary to the intention of the party. *Roesch vs. Equitable Savings and Loan Association,* 176 Or. 7, 153, P2d, 525 (1945). ⁎ ⁎ ⁎"

ing the trust deed to Home Federal Terry Morgan, on behalf of the corporation, executed a note and mortgage on the property to the previous owners and that the previous owners understood that "our mortgage was a second mortgage * * * and that there would be a first mortgage against the property."⑨

In our view, neither the written loan application nor the insurance binder shows an intent or understanding that the loan was to be made to the corporation, rather than to the individuals, Terry Morgan and Linda Morgan, as stated in the loan committee report. Although Terry Morgan was president of the corporation there was no evidence that Linda Morgan was also an officer of the corporation. The designation in the insurance binder was "dba Terry Morgan Construction," which did not necessarily connote a corporation.⑩

As to the prior deed from the previous owners of the property conveying it to the corporation, there was no evidence that the prior deed had been delivered to Terry Morgan before he executed the note and trust deed to Home Federal or that he then knew of the manner in which it was prepared. It was not recorded at that time. The fact that Terry Morgan and his wife were not owners of the property as individuals and the fact that Terry Morgan subsequently signed a note and mortgage to the prior owner of the property, prepared for his signature as agent of

⑨ As previously noted, Home Federal makes no contention that Terry and Linda Morgan were guilty of "inequitable conduct" so as to provide a basis for reformation under the rule as stated in *Ray v. Ricketts*, 235 Or 243, 250, 383 P2d 52 (1963), but relies solely upon a contention of mutual mistake of both parties as a basis for reformation.

⑩ According to the brief of Home Federal, this binder showed that the insured was to be "Terry J. and Linda S. Morgan dba Terry Morgan Construction, *Inc.*" According to the testimony offered by Home Federal, the "dba" was "Terry Morgan Construction *Company*." The binder itself, however, states the "dba" to be "Terry Morgan Construction."

the corporation, was not sufficient, in our view, either alone or together with the other facts, to provide the necessary "clear and satisfactory evidence" that prior to the signing of the note and trust deed to Home Federal Terry Morgan and his wife understood, agreed and intended that the loan was to be to the corporation, rather than to themselves as individuals, or that the note and trust deed, in providing for their execution of those documents as individuals, rather than as agents for the corporation, "fail[ed] to correctly set out [that] prior agreement correctly." Neither Terry Morgan nor Linda Morgan was called as a witness to give testimony on these subjects.

For these reasons we hold that the testimony of the six witnesses called by Home Federal in its offer of proof, together with the various documents offered in evidence, did not provide sufficient "facts proved" for the purposes of ORS 16.390 so as to support a holding that the trial court abused the discretion granted to it by that statute in denying the motion of Home Federal for leave to amend its cross-complaint to conform to the "facts proved."

*Other assignments of error.*

██ Home Federal assigns as error the finding by the trial court that it had no interest in the property. In support of that assignment Home Federal contends that the testimony of the various witnesses called as a part of its offer of proof and the various documents offered by it "supports a decree of reformation." But even if that evidence had been received, it was insufficient to "support a decree of reformation," for reasons previously stated.

Home Federal also assigns as error the refusal of the trial court to permit one of its witnesses, the Home Federal branch manager, to testify to his "understanding when the loan application was made with regard to whom the loan was to be made" and also

in refusing to permit Home Federal to offer the loan application in evidence.⑪ Because, however, we have previously held that all of the evidence offered by Home Federal, including this evidence, was insufficient to support a holding by this court that the trial court abused its discretion in refusing to allow defendant's motion for leave to amend its cross-complaint to conform to "facts proved," we believe that any error in excluding this particular evidence was not prejudicial so as to require a reversal and a new trial.⑫

For all of these reasons, the judgment and decree of the trial court is affirmed.

HOLMAN, J., specially concurring.

It is my opinion that the pleadings in the present case were adequate to present the issue of whether the note and mortgage were intended to be signed by the Morgans on behalf of the corporation and that there was no necessity to plead or to have reformation in order to secure relief. The answer of Home Federal alleged that the note and mortgage were executed by the Morgans with the intention of acting on behalf

---

⑪ In offering this evidence Home Federal relies on the contention that the evidence offered by it was admissible to support its claim for reformation of the trust deed, rather than that it was admissible on any other ground, as in cases involving the question whether parol evidence can be offered to show that a doocument signed by an agent in his individual name was in fact signed by him as agent for a disclosed principal. See *Ritchie v. Mundon,* 268 Or 283, 284-86, 520 P2d 445 (1974). There may, of course, be good reasons why such cases would not be controlling in this case and we need not decide that question.

⑫ Home Federal also assigned as error the refusal of the trial court to grant its alternative motion for a voluntary non-suit on its cross-complaint, with leave to refile. Because of the fact that Home Federal was only one of several defendants named in this case and the other parties were ready to proceed with the trial, the trial court did not abuse the discretion conferred upon it by ORS 18.220 in denying that motion.

of the corporation. The court could so find and grant relief without any necessity for reformation. The parol evidence rule has no application to a situation in which an additional person or entity is shown to be responsible upon written obligations. Such evidence is not being used to vary or change the liability of a signatory to them.

I am also of the opinion that there is evidence that the Morgans intended to obligate the corporation. The title to the land which purports to be mortgaged by them was taken in the name of the corporation. It was simultaneously being purchased by the Morgans from third parties who were told they would be receiving a *second* mortgage for part of the purchase price. This indicates an intention by the Morgans to mortgage the property to someone else and the only other purported mortgage upon the property was that of Home Federal.

However, the case was both tried and appealed as a reformation case, and I agree with the majority that Home Federal should not be allowed to prevail on such a basis. In order to be entitled to reformation, the intention of both parties to the transaction must have been the same. In the present case, the Morgans intended to encumber the property upon behalf of the corporation and Home Federal intended to secure a personal encumbrance from the Morgans. It is not enough in order to justify reformation that the court is satisfied that the parties would have come to a certain agreement had they been aware of the actual facts.

When a cause has been heard and submitted upon a certain theory in the trial court, with the acquiescence of the litigants, it must be so continued upon appeal. Despite the somewhat bizarre result, this court is powerless to change it.

McAllister, J., joins in this opinion.