# In the Matter of the Dissolution of the Marriage of
## PENCE, *Appellant,*
### *and*
## PENCE, *Respondent.*
### (No. 418-329, CA 5739)
550 P2d 754

*Gary M. Bullock,* Portland, argued the cause and filed the brief for appellant.

*Frederick T. Smith,* Portland, argued the cause for respondent. With him on the brief were Martin, Bischoff, Templeton & Biggs, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Wife has appealed from the money features of a marriage-dissolution decree. The wife is 50 and husband 57 years of age. They were first married in 1941, were divorced for about six months in 1956, and remarried; they have one child who is grown and emancipated. Wife was 16 years old when they were first married. She did some other menial work out of the home and then assembly line work at Omark Industries from 1956 through 1971, testifying that she put their daughter through college. In 1970 she had cancer surgery, and she has a spinal fusion (it is not clear from the record whether this was caused by a natural condition or surgery) which probably causes her to be largely disabled for working purposes.

Husband is sole owner of an elevator business, which was variously estimated to be worth from $85,000 to $200,000. His income therefrom, figured on an accrual basis, netted in the neighborhood of $33,000 before taxes in 1975, and according to tax returns showed adjusted gross incomes of $37,000 in 1971, $40,000 in 1972, $20,000 in 1973 and $25,000 in 1974. Extensive business expenses, deductions for an airplane husband owns and operates, automobile, club dues and expenses, advance payments in the neighborhood of $15,000 for insurance, and write-off of bad debts leave questions concerning the amount of spendable cash available to husband.

The court awarded wife the house worth $20,000, the usual furnishings therein, and divided between them other usual personal property. For support wife was awarded $600 per month for the year 1976, $500 per month for 1977 and 1978, and thereafter $300 per month until death or remarriage.

Husband was awarded the business. The court specified each was to pay his own personal bills. No stipulation to set attorney fees or evidence of reasonableness thereof is in the record, although husband

had proposed paying $1,000 on account thereof prior to the trial. He had also proposed awarding wife a money judgment of $31,500 in lieu of a share in the business, payable at $200 per month "together with interest thereon" at six percent. He proposed additionally $300 per month support. By amortization, figuring of the interest on the proposed money judgment, it is apparent that husband had really proposed paying wife $500 per month for about 17 years, and thereafter $300 per month, plus $1,000 attorney fees, and awarding her all of the other property the trial court did award her. We do not understand why the trial court made a substantially smaller award than this.

It was proper to award the husband the business unhampered by a lien in wife's favor against it, for he needs it free for earning his income. *Beard v. Beard,* 232 Or 552, 376 P2d 404 (1962). Without the stipulation or evidence of reasonableness thereof, attorney fees cannot be awarded. *Fery and Fery,* 20 Or App 581, 585-86, 532 P2d 1131 (1975). However, at the conclusion of the trial the judge said he would take into consideration expenses for attorney fees in his property award. That may be the reason he awarded wife $600 per month rather than $500 per month for the year 1976. In any event, we see no reason to remand for setting of attorney fees as we did in the unusual circumstances of *Lekas v. Lekas,* 23 Or App 601, 609-10, 543 P2d 308 (1975), Sup Ct *review denied* (1976).

In our de novo review we conclude, in view of the long marriage, the wife's many years of working outside the home to secure earnings to contribute to family obligations, and her present state of health, that she is entitled to what husband originally proposed. Accordingly, the support feature of the decree is modified to leave the $600 per month as it is for the year 1976, and thereafter $500 per month for 16 years, and thereafter $300 per month, all subject to wife's death or remarriage. This, in lieu of her expressed desire to

be awarded a part interest in the business, adequately adjusts her justifiable claim that the award was insufficient. Nevertheless, this additional award is for support, it is not property settlement, as might have been argued if husband's original proposal had been literally decreed. Except as thus modified, the decree is affirmed.

Affirmed as modified. Costs to appellant.