In the Matter of the Marriage of
POWELL,
*Appellant Cross-Respondent*
*and*
POWELL,
*Respondent Cross-Appellant*
(No. 22042, CA 11980)

600 P2d 933

Allen Reel, Portland, argued the cause for appellant cross-respondent. With him on the briefs were James W. McClurg and Kennedy, King & McClurg, Portland.

Stephen D. Dixon, Prineville, argued the cause for respondent - cross-appellant. With him on the brief

was Bodie, Minturn, Van Voorhees, Larson & Dixon, Prineville.

Before Schwab, Chief Judge, and Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

In this appeal from a dissolution-of-marriage decree husband seeks a modification in the division of property and the award of spousal support.

Husband, aged 35, and wife, aged 36, were married approximately 13 years. They have three minor children.

Because we do not alter the property distribution no useful purpose would be served in setting out a detailed listing here. The major objection of husband is that wife was awarded the farm property but he is required to pay a $60,000 second mortgage on the farm. Husband is the owner of a construction company which the court awarded to him, and in doing so required him to pay the $60,000 loan which was made for the benefit of the construction business and is secured by the second mortgage on the farm. Wife is obligated to pay the balance due on the first mortgage as well as other farm liabilities which totaled approximately $28,000, plus a farm operating loan of approximately $25,000. Husband is also the owner of apartments and an office building complex and has an investment in other real property. Husband argues wife received 80% of the property while he received only 20%; wife's figures reflect a 55% distribution for wife and 45% for husband. This difference is reflected primarily in the valuation of the farm and the value of husband's construction business.

In reviewing de novo we find the property division was "just and proper in all the circumstances," ORS 107.105, keeping in mind that husband was awarded his business, *Pence and Pence,* 25 Or App 667, 550 P2d 754 (1976), and other property investments together with the obligations thereon, and wife was awarded the farm which was the family home (she was awarded custody of the three daughters), *Fery and Fery,* 20 Or App 581, 532 P2d 1131 (1975); *Sites and Sites,* 30 Or App 1013, 568 P2d 712 (1977), together with the

obligations thereon. We do not disturb that distribution. *Sandner v. Sandner,* 243 Or 349, 413 P2d 424 (1966).

Wife was awarded $200 a month spousal support for a period of five years. She is relatively young, has almost two years college education and is apparently in good health. She received substantial assets in the property distribution, she receives $600 a month gross income as a bank employe, and she has had other work experiences. The court also awarded $600 a month child support for the three children, which is not an issue on this appeal. Wife is capable of running the farm with the help of a hired man, and the farm has produced an income in all recent years except during the drought in 1976-77. Also, the parties added to their farm land in 1976 by purchasing the neighboring farm which has a mobile home on it. Husband was living in the mobile home at time of trial, but wife testified she would rent the mobile home, if awarded the farm property, which would give her some additional monthly income.

The evidence indicates some of the farm property, consisting of approximately 190 acres of cropland and 30 acres of rangeland, can be sold if necessary for wife to meet her obligations. There also was evidence by husband that the land could be partitioned into 20 acre lots and sold and still meet the applicable land use regulations. Wife disputes this because of other applicable planning regulations which would impede that possibility if not prevent it. Be that as it may, wife has been awarded valuable property which she desired to own solely and which may have an even greater value in the future.

By wife's own figures she was awarded 10% more of the property than husband. The deletion of the spousal support will result in a more equitable division of the property. *Lake and Lake,* 22 Or App 195, 538 P2d 97 (1975). We conclude, under these circumstances, that spousal support should not have been awarded.

Affirmed as modified. No costs to either party.