Argued and submitted June 13, affirmed as modified November 9, 1983

In the Matter of the Marriage of

## GLEASON,
*Respondent,*

*and*

## GLEASON,
*Appellant.*

(82-5-67; A26949)

671 P2d 742

Steven L. Price, Hillsboro, argued the cause for appellant. On the brief was Sid Brockley, Oregon City.

Charles R. Mowry, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Husband appeals from a dissolution decree, contending that the trial court erred in awarding wife approximately 75 percent of the parties' assets. We modify the property division provisions of the decree to achieve a more equal distribution.

The parties were married approximately 13 years. They have two children, ages eight and six. At the time of the decree, husband was 43 years old and wife was 42. Husband was admitted to the Oregon Bar in 1969. He worked as a deputy district attorney for Multnomah County until 1978, when he was forced to stop working because he has multiple sclerosis. He is now confined to a wheelchair and is totally and permanently disabled. Wife has a college degree in elementary education, one year of training as a dental hygienist and is a licensed hairdresser. She worked as a hairdresser for one year after the parties married but has not sought employment since that time. She testified that her health is fair, although she claims that she is suffering emotional problems; she is not under psychiatric treatment. Husband receives Social Security benefits of $800 per month; wife receives Social Security benefits for herself and the two children totalling $604 per month.[1]

The major assets of the parties include their $75,030 equity in a home, a 1964 Porsche automobile of disputed value[2] and several cash investment and savings accounts. The trial court awarded husband assets totalling approximately $28,350, including an $18,000 judgment lien on the family home, with interest at 9 percent per annum, payable in five years. With the exception of the Porsche, wife was awarded the balance of the assets, totalling approximately $83,430. The trial court ordered the Porsche to be sold and the proceeds divided equally between the parties.

---

[1] At the time of the hearing, husband also was receiving $811 monthly from a commercial insurance policy due to expire in October, 1983. The decree provides that he pay $300 a month child support until the policy terminates. Because wife as custodial parent will continue to receive $402 in Social Security benefits for the children, based on husband's eligibility for disability benefits, further child support payments are not in issue.

[2] Husband testified that the Porsche was worth $4,000 to $5,000. Wife testified that it was worth $10,000 and that several people had told her that a Porsche of that vintage in mint condition could sell for up to $28,000.

■■■■■ The sole assignment of error is the distribution of property, which husband contends is inequitable under the circumstances. We agree. In the dissolution of a marriage of a duration such as this one, our effort is to attempt to assure that the parties separate on as equal a basis as possible. *See Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977); *Lake and Lake,* 22 Or App 195, 538 P2d 97 (1975). Accordingly, we modify the decree to award husband the Fred Meyer certificates in the amount of $5,000 and the U.S. National Bank savings account in the amount of $6,000. Because that distribution still results in wife receiving $32,080 more than husband, we also increase the judgment lien awarded to husband an additional $16,040, for a total lien of $34,040.[3]

The decree is modified to award husband the Fred Meyer certificates in the amount of $5,000 and the U.S. National Bank savings account in the amount of $6,000 and to increase the judgment lien awarded to husband from $18,000 to $34,040; affirmed as modified. No costs to either party.

---

[3] We realize that this distribution may create some immediate financial difficulties for wife. We note, however, that, although she has not worked for some time, she is still relatively young and has salable employment skills. The children, moreover, are at an age where they are in school and therefore should not require her full-time care. Further, she was awarded silver and coins worth $5,750, which are essentially liquid assets, and she will receive some cash from the sale of the Porsche.