Argued and submitted June 6, affirmed December 4, 1986

CHIPMAN et al,
*Appellants,*

*v.*

SPITZNAGEL et al,
*Respondents.*

(84-2-195; CA A36038)

728 P2d 971

Howard Clyman, West Linn, argued the cause and filed the briefs for appellants.

Jeffrey J. Bennett, Hillsboro, argued the cause for respondents. On the brief were DeMar L. Batchelor and Schwenn, Bradley, Batchelor, Brisbee and Stockton, Hillsboro.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Plaintiffs, the only grandchildren of the trustor, appeal a judgment that defendants, the three surviving children of the trustor, are the sole beneficiaries of a trust. We affirm.

Plaintiffs' mother, a child of the trustor, died in 1969. On November 13, 1980, the trustor and defendants, as cotrustees, executed the trust agreement and created the trust.[1] The trustor died in 1981. Article III of the trust agreement provides that the trustee shall distribute the income or principal, as the trustor directs, to him during his lifetime. Article VI, entitled "Distributions Upon Death of Trustor," provides in part:

> "6.1   Upon the death of the trustor and after payment of the obligations described in the preceding Article, the Trustee shall divide the trust estate into as many equal shares as there are then surviving children of the Trustor, with a like equal share by right of representation for the surviving children of a deceased child of the Trustor, if any, being the Trustor's grandchildren."

Article VIII of the document, entitled "Trust Beneficiaries," provides:

> "8.1   The Trustor is presently unmarried.
>
> "8.2   The living children of the Trustor are Carl W. Spitznagel, Walter F. Spitznagel and Sonja M. Spitznagel, sometimes herein referred to as 'the Trustor's children.'"

The court found:

> "(1)   That the terms and provisions of the * * * Trust Agreement dated November 13, 1980, are unambiguous, and
>
> "(2)   The intent of the Trustor * * * regarding the disposition of the trust estate upon his death is unambiguously expressed in the provisions of Article VI and Article VIII of said Trust Agreement, and
>
> "(3)   That the beneficiaries of the trust estate upon the death of the Trustor are the defendants as the living children of the Trustor pursuant to the provisions of Article VIII of said Trust Agreement."

---

[1] On the same date, trustor executed a will that bequeathed all of his furniture and personal effects in equal shares to defendants, or to the survivor or survivors of them, and "poured over" the remainder of his estate into the trust.

The judgment declared that defendants are "the beneficiaries of the * * * Trust Agreement free and clear of any right, title, interest or claim of the plaintiffs."

Plaintiffs argue that the court erred, because Article VI unambiguously expresses the trustor's intent that they are entitled by right of representation to a share of the trust upon his death as the children of "a deceased child of the Trustor." Defendants respond that, when Article VI and Article VIII are read together, the trust agreement unambiguously expresses the trustor's intent to exclude plaintiffs. We must look to the entire trust agreement and construe it in accordance with the trustor's intent and, if possible, give effect to all of its provisions. ORS 42.230; ORS 42.240.

Article VI gives an equal share by right of representation to the surviving children of "a deceased child of the Trustor." It does not state that "a deceased child of the Trustor" in Article VI means only a deceased child of the trustor who was living on November 13, 1980, the date that the trustor executed the trust agreement, but who died subsequently. Neither does the remainder of the trust agreement unambiguously show that to be the trustor's intent, unless that intent can be found in Article VIII.

Article VIII lists the trustor and his "living children" as the beneficiaries of the trust. It names defendants as "the living children of the trustor" and also identifies them as "sometimes herein referred to as 'the Trustor's children.'" Defendants argue that trustor's identification of them as "the Trustor's children" would serve no useful purpose if Article VI includes plaintiffs' predeceased mother as a "deceased child of the trustor." The reference in Article VIII to defendants as "the living children of the Trustor" and as "the Trustor's children," however, does not unambiguously show that the "Trustor" intended that "a deceased child of the Trustor" under Article VI could only refer to one of the trustor's three children who were living on November 13, 1980.

Moreover, Article VIII does not list all of the possible beneficiaries of the trust estate. It does not name children of a child of the trustor who dies after November 13, 1980, although such grandchildren clearly take as beneficiaries under Article VI by right of representation. What Article VIII unambiguously does is to name those who on November 13,

1980, are "the living children of the Trustor," but does not unambiguously state that plaintiffs' mother is not "a deceased child of the Trustor." The court erred in ruling that Article VI and Article VIII unambiguously show that the trustor intended that plaintiffs not share in the trust estate.

■ On the other hand, Article VIII, which is entitled "Trust Beneficiaries," makes no reference to plaintiffs, even though their mother was already deceased. We do not agree with plaintiffs that the trust agreement shows unambiguously that the trustor intended that plaintiffs share in the estate. We conclude that the trust agreement is ambiguous.

■ Defendants, although asserting that the trust agreement was unambiguous, also offered evidence to show the circumstances under which the trustor executed the instrument. *See* ORS 42.220; ORS 41.740. Plaintiffs objected to that evidence, and the court did not admit it, but received it "under the rule." *See former* ORS 17.045(2). What defendants did, therefore, was to make an offer of proof. OEC 103. After ruling that the trust agreement was unambiguous, the court then stated:

> "The Court upon receipt of such evidence would again have to find for the defendants. It's clear to me that upon such examination of those excluded documents in evidence, it's all the more apparent that the testator intended to remember only the three beneficiaries named in the trust and that he did so as part of a long demonstrated long term intent and pattern of estate planning which is clearly documented and convincing to the Court."

We agree with the court that, if the evidence that defendants offered is considered to resolve the ambiguity, it shows that the trustor intended that only defendants should take. We may consider that evidence to resolve the ambiguity. *See Judson v. Terry Morgan Const.,* 273 Or 666, 542 P2d 1010 (1975); *see also* ORS 41.740; *Jarrett v. U.S. National Bank,* 81 Or App 242, 725 P2d 384 (1986). The parties had a full opportunity to present evidence "under the rule" on the issue of the trustor's intent, and we conclude that a further hearing would serve no useful purpose. The court, as the parties were aware, took the evidence "under the rule" so that this court could consider it if we held the trust agreement to be ambiguous. Both parties argue the meaning of the offered evidence as

to the trustor's intent, and plaintiffs' reply brief specifically addresses that evidence to resolve the question of ambiguity. Plaintiffs do not argue that we may not consider that evidence *if* the trust agreement is ambiguous.

■ ■ The offered evidence consisted principally of a will, which the trustor executed before the death of plaintiffs' mother; a will codicil executed in 1970, after her death; a will executed in 1976; testimony of the lawyer who prepared the trust agreement; and testimony of two of defendants. Although the provisions of the codicil and the 1976 will, when read together, are not consistent in every respect with the provisions of the trust agreement, they are consistent with an intent of the trustor that plaintiffs, children of his pre-deceased daughter, should not share in his estate. The testimony of the attorney also strongly supports the conclusion that the trustor intended that the trust agreement be consistent with the codicil and 1976 will and that it not provide a share of the trust estate for anyone but children of the trustor living on the date that the trust agreement was executed or their children.[2]

Affirmed.

---

[2] Plaintiffs rely on ORS 112.195, which provides:

"Unless a contrary intent is established by the instrument, all references in a will, deed, trust instrument or other instrument to an individual or member of a class described generically in relation to a particular person as children, issue, grandchildren, descendents, heirs, heirs of the body, next of kin, distributees, grandparents, brothers, nephews or other relatives shall include any person who would be treated as so related for all purposes of intestate succession, except that an adopted person so included must have been adopted as a minor or after having been a member of the household of the adoptive parent while a minor."

The statute does not aid plaintiffs. We may construe an ambiguous trust instrument with the aid of extrinsic evidence to determine if the instrument establishes a contrary intent. Here it does.